IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDRE TATE
c/o Gottesman & Associates, LLC          Case No.: _____
404 East 12th Street, First Floor
Cincinnati, Ohio 54202
                                          Judge: _____
and

LEVON MOREFIELD
c/o Gottesman & Associates, LLC          COMPLAINT FOR DAMAGES WITH
404 East 12th Street, First Floor        JURY DEMAND
Cincinnati, Ohio 54202

and

ANTHONY JOHNSON
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

and

FRANK MILLER
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

and

BRYAN MASON
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

and

TRENT TAYLOR
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

and

LEE HURST
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

and

PAUL C. TOBIN
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

and

AMANDA KASZA
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

And

JEFF KASZA
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

and

ALEX MOTTINGER
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

and

BRIAN STEEL
c/o Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 54202

    PLAINTIFFS

2

vs.

CITY OF COLUMBUS
c/o Zach Klein, Esq.
77 North Front Street
Columbus, Ohio 43215-0009

 and

ANDREW GINTHER
Mayor, City of Columbus
c/o Zach Klein, Esq.
77 North Front Street
Columbus, Ohio 43215-0009

and

ROBERT CLARK
Director of Public Safety
City of Columbus
c/o Zach Klein, Esq.
77 North Front Street
Columbus, Ohio 43215-0009

and

NED PETTUS
City of Columbus
c/o Zach Klein, Esq.
77 North Front Street
Columbus, Ohio 43215-0009

and

MELLISSA MCFADDEN
City of Columbus
c/o Zach Klein, Esq.
77 North Front Street
Columbus, Ohio 43215-0009

and

3

DOUGLAS SARFF
Human Resources Manager
City of Columbus
c/o Zach Klein, Esq.
77 North Front Street
Columbus, Ohio 43215-0009

and

KATHLEEN BOURKE
City of Columbus
c/o Zach Klein, Esq.
77 North Front Street
Columbus, Ohio 43215-0009

and

COURTNEY MCHENRY
City of Columbus
c/o Zach Klein, Esq.
77 North Front Street
Columbus, Ohio 43215-0009

    DEFENDANTS.

Now come Plaintiffs, by and through counsel, and for their Complaint against Defendants, state as follows:

## **PRELIMINARY STATEMENT**

1.     This is an action pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. § 1981(a), 42 U.S.C. § 1983, and Ohio Revised Code Chapter 4112, for Defendants' unlawful discriminatory actions against Plaintiffs based on race. Defendants subjected Plaintiffs to unlawful, racist, discriminatory, and corrupt policies and practices including, but not limited to, intimidation, demeaning and racially

4

divisive comments, spurious investigations, retaliation, disparate treatment, and a hostile work environment based on race. Defendants failed to properly investigate complaints of discrimination and illegal activity, failed to act when discriminatory actions have occurred, and subjected Plaintiffs to ongoing harassment, career disadvantage, and continued retaliation after Plaintiffs reported unlawful and discriminatory behavior. As a consequence of the foregoing, Plaintiffs filed this action seeking compensatory damages, recovery for economic losses, punitive damages, declaratory and injunctive relief and reasonable attorney fees and costs in this matter.

## PARTIES

2.      At all relevant times herein, Plaintiffs have been employees of the City of Columbus. During all relevant times, Plaintiffs are employees within the meaning of 42 U.S.C. §5000e(f) and O.R.C. 4112.01(A)(3).

3.      Plaintiff, Levon Morefield (Plaintiff Morefield) is a black, male sergeant for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

4.      Plaintiff, Anthony Johnson (Plaintiff Johnson) is a black, male officer for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

5.      Plaintiff, Andre Tate (Plaintiff Tate) is a black, male sergeant for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

6.      Plaintiff, Frank Miller (Plaintiff Miller) is a white, male officer for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

5

7. Plaintiff, Trent Taylor (Plaintiff Taylor) is a white, male former officer for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

8. Plaintiff, Bryan Mason (Plaintiff Mason) is a white, male sergeant for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

9. Plaintiff, Paul C. Tobin (Plaintiff Tobin) is a white, male officer for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

10. Plaintiff, Jeff Kasza is a white, male officer for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

11. Plaintiff, Amanda Kasza is a white, female officer for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

12. Plaintiff, Lee Hurst (Plaintiff Hurst) is a white, male lieutenant for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

13. Plaintiff, Brian Steel (Plaintiff Steel) is a white, male sergeant for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

14. Plaintiff, Alex Mottinger (Plaintiff Mottinger) is a black, male officer for the Columbus Division of Police, and at all times relevant, a resident of the State of Ohio.

15. At all relevant times herein, Defendant City of Columbus ("Columbus") is and/or was the employer of Plaintiffs, and a public employer within the meaning of Title VII (42 U.S.C. 2000e(b), and O.R.C. 4112.01(A)(2). Defendant Columbus is a duly chartered municipality and city within the state of Ohio and, in that capacity, maintains the Columbus Division of Police. Columbus employs more than 500 persons.

6

16. Defendant, Andrew Ginther (Defendant Ginther) is the Mayor of the City of Columbus, responsible for, among other things, executive and administrative functions of the City. He has held that position at all times relevant to this matter. He is sued in his individual and official capacities.

17. Defendant, Robert Clark (Defendant Clark) is the Safety Director for the City of Columbus, responsible for, among other things, supervision of the Columbus Division of Police. He has held that position since September 3, 2021. He is sued in his individual and official capacities.

18. Defendant, Ned Pettus (Defendant Pettus) was the Director of Public Safety for the City of Columbus, and was responsible for, among other things, the supervision of the Police department. For purposes of this complaint, he held that position from 2016 by and through August 2021, when he retired. He is sued in his individual capacity.

19. Defendant, Douglas Sarff (Defendant Sarff) is the Director of Human Resources for the City of Columbus, and has oversight, control, and supervision over the actions complained of herein. He has held that position at all times relevant. He is sued in his individual and official capacities.

20. Defendant, Kathleen Bourke (Defendant Bourke) was the Deputy Director of Public Safety for the City of Columbus, Division of Police, and was directly responsible for investigation, oversight, and administration of EEO policy and compliance. For

purposes of this complaint, she held that position from July 2019 by and through August 2, 2021, when she resigned.  She is sued in her individual capacity.

21.     Defendant, Courtney McHenry (Defendant McHenry) was the Deputy Director of Public Safety for the City of Columbus, Division of Police, and was directly responsible for investigation, oversight, and administration of EEO policy and compliance. For purposes of this complaint, she held that position from December 2021 by and through November 2022, when he resigned.  She is sued in her individual capacity.

22.     Defendant, Melissa McFadden (Defendant McFadden) is a black, female commander for the Columbus Division of Police and at all  times relevant, a resident of the State of Ohio.  She is sued in his individual and official capacities.

## VENUE AND JURISDICTION

23.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Counts I, II and III  arise under the laws of the United States, Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e *et seq*, and Count IV arises under 42 U.S.C. § 1983.

24.     This  Court  has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367, because Plaintiffs' state law claims are so related to their federal claims over which the Court has jurisdiction that those claims  form part of the same case or controversy.

25.     Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the acts complained of all occurred within this judicial district.

## PROCEDURAL HISTORY AND REQUIREMENTS

26. On or about July 7, 2021, Plaintiffs filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Ohio Civil Rights Commission through dual filing and a work share agreement (the EEOC retained jurisdiction over the investigation).

27. On or about November 4, 2022, through November 16, 2022, the EEOC issued a Notice of Right to Sue as to Plaintiffs' EEOC charges. The Plaintiffs received the issued Notice of Right to Sue by email shortly after the date of issuance. *See Exhibit A, attached*.

28. The Plaintiffs have exhausted all required administrative remedies prior to commencing this action.

29. This complaint is filed within 90 days of receipt of the Notices of Right to Sue issued by the EEOC.

## STATEMENT OF FACTS

30. In March 2016, Defendant McFadden was assigned as a patrol lieutenant to Zone 2, a geographical area located on the south side of Columbus for patrol operations in the Columbus Division of Police.

31. In February 2017, Commander Rhonda Grizzell, the Zone 2 commander, became aware of complaints regarding Defendant McFadden's abusive and racially discriminatory conduct towards supervisors and officers working or having worked for Defendant McFadden.

9

32.     In 2017, during the investigation that followed, numerous sworn personnel, including Plaintiffs, came forward to recount incidents of intimidation, demeaning and racially divisive comments, disparate treatment based on race, and to describe a hostile work environment based on race.

33.     On January 25, 2017, Plaintiff Tate, an African American sergeant, met with Defendant McFadden. Defendant McFadden advised Plaintiff Tate that he would receive both an "official" and "unofficial" Performance Evaluation.

34.     Defendant McFadden stated the "official" evaluation would include higher ratings than he deserved based on his race, and that she would not place a negative Performance Evaluation in his file because she did "not believe in black on black crime."

35.     Defendant McFadden admitted in the subsequent internal investigation (*IAB#201703-1015)* that she made the foregoing statement, and the phrase "black on black crime" is meant to describe a black person "doing another black person dirty."

36.     On or about January 25, 2017, Plaintiff Tate received the more favorable evaluation by Defendant McFadden because he is an African American.

37.     On March 6, 2017, Plaintiff Morefield reported to a Division of Police supervisor he had been a victim of a hostile work environment based on race and he was subjected to racially divisive comments from Defendant McFadden.

38.     In late 2016, Defendant McFadden advised Plaintiff Morefield that his friends (white officers who had attended his wedding) were unhappy because Plaintiff Morefield was sleeping with, and had married, a white woman.

10

39.     Defendant McFadden stated to Plaintiff Morefield "don't forget, you're nothing but a dumb nigga to them (white officers) and they're going to treat you like the dumb nigga you are!"

40.     Defendant McFadden routinely made negative comments to Plaintiff Morefield admonishing other black officers including "I don't think he knows he's black," referring to other black officers as being a "white type" of black person, and describing persons in interracial marriages as "white woman lover(s)".

41.     Plaintiff Morefield left a position on Zone 2 in 2016 as a direct and proximate result of the racially discriminatory and hostile actions and environment created by Defendant McFadden.

42.     On March 6, 2017, Plaintiff Johnson reported to a Division of Police supervisor he had been a victim of a hostile work environment based on race and subjected to racially discriminatory comments from Defendant McFadden.

43.     Defendant McFadden created an environment designed to separate black officers from white officers, by discouraging friendships, making racially divisive statements, and unfairly punishing black officers, who disagreed with her views, through intimidation, the denial of special assignments, and threats of investigation.

44.     Plaintiff Johnson stated he was required to meet with Defendant McFadden at her request several times, and to provide Defendant McFadden with his personal cell number so she could contact him directly.

11

45.     During these meetings, Defendant McFadden made several race-based comments including "those (white) officers on 13 precinct aren't your brothers," "we (black) officers have to stick together," and indicated he should not be working for a "white" supervisor.

46.     Defendant McFadden discouraged officer proactivity and advised Plaintiff Johnson she did so  because "it gives white officers more opportunity to harass and arrest minorities."

47.     In June 2017, Plaintiff Jeff Kasza reported to a Division of Police supervisor he had been a victim of a hostile work environment based on race, and subjected to racially discriminatory  comments and actions from Defendant McFadden.

48.     Defendant McFadden discouraged proactive police activity under a stated belief that arrests were racially motivated and disproportionally impacted minorities.

49.     Defendant McFadden would target for inquiry or berate officers making arrests or having use of force incidents.

50.     Defendant McFadden made public statements at a community meeting that African American males are unfairly targeted by white officers, white officers "harass black people," and officers "don't have anything to do but harass black people."

51.     Plaintiffs Morefield, Johnson, Tate, Hurst, Tobin, Jeff Kasza, Amanda Kasza, Mottinger, and numerous other police employees advised the City that Defendant McFadden perpetuated a hostile work environment based on race, and made them fearful

12

of engaging in proactive police work, making arrests, and responding to routine calls for service.

52.    Defendant McFadden singled out new, black officers and advised them they would be treated differently and unfairly because of race, white officers are not to be trusted, black officers should work for black supervisors, and only she could protect them.

53.    Defendant McFadden recruited new, black officers to advise her what others were saying about her and conveyed to these new officers they would be under her protection.

54.    Defendant McFadden suggested to black officers they find and date only black females.

55.    On or around April 28, 2016, Defendant McFadden denied Plaintiff Amanda Kasza and another white officer, on the basis of their race, the opportunity for service on a new officer selection board.

56.    In the presence of Plaintiff Hurst, Defendant McFadden argued with a community member at a public meeting and stated fewer officers is better, and officers will only arrest "blacks" and "poor people."

57.    On February 9, 2018, the Division of Police completed an investigation into reported allegations that Defendant McFadden made demeaning and racially discriminatory comments, subjected subordinates to disparate treatment, and created a hostile work environment based on race and gender (IAB# 201703-1015).

13

58. The Internal Affairs investigation concluded that members of the Division, of various ranks and race, "deemed her conduct either questionable, alarming, offensive, or hostile."

59. The Internal Affairs investigation concluded that "some of those interviewed displayed obvious physiological reactions during their interviews and stated concerns about their future, should Lt. McFadden retain her position."

60. The Internal Affairs Investigation, the chain of command, and the Chief of Police, Kimberley Jacobs, sustained the allegations against Defendant McFadden, including violations of EEO laws.

61. The Chief of Police recommended Defendant McFadden be suspended, demoted to officer rank, and terminated.

62. Defendants Ginther, Pettus, Sarff, and Bourke conspired to dismiss valid and sustained allegations of serious misconduct and violations of law.

63. Without any independent investigation or basis, and on account of considerations of race, the Director of Public Safety, Defendant Pettus, dismissed the investigation in its entirety and restored Defendant McFadden to her previous position without discipline for Defendant McFadden's substantiated violations of policy and law.

64. Defendant Pettus made the ridiculous and unjustifiable decision to absolve Defendant McFadden of all administrative charges, including discriminatory actions to which she admitted during the investigative process.

14

65. Defendant Pettus ruled that the internal investigation, which included dozens of victims and witnesses, both black and white, "failed to meet (the) burden of proof."

66. Without substantive review or reason, and counter to recommendations by numerous experienced law enforcement professionals, Defendant Pettus ignored extensive and compelling evidence of discrimination and returned Defendant McFadden to a position of authority in the Columbus Division of Police.

67. Defendant McFadden was treated more favorably than white officers with lesser sustained charges, who received suspensions and other serious discipline, up to and including termination.

68. Following the dismissal of all charges, Defendant Pettus individually met with certain Plaintiffs and supported their transfer into other assignments to prevent retaliation by Defendant McFadden against Plaintiffs.

69. Despite this, Defendants Ginther, Pettus, Sarff, and Bourke knowingly allowed Defendant McFadden to publicly disparage, attack, and retaliate against persons connected with the investigation, in violation of policy.

70. In September 2020, Defendant McFadden authored a book that publicly disparaged and attacked the Division of Police, Plaintiffs Miller, Mason, Taylor and others as racists.

71. Defendants Ginther, Pettus, Sarff, Clark, Bourke, and McHenry failed and/or refused to protect Plaintiffs against retaliatory actions by Defendant McFadden,

15

and failed and/or refused to address clear policy violations by Defendant McFadden, where their failures and/or refusals were motivated by and/or were based on Defendant McFadden's race.

72.     When policy violations and complaints of racial discrimination related to Defendant McFadden's actions were properly reported, the City of Columbus and Defendants Ginther, Pettus, Sarff, Clark, Bourke, and McHenry refused to investigate complaints of misconduct and removed the investigations from Internal Affairs.

73.     When Defendant McFadden became aware her misconduct was reported, she weaponized the complaint process and filed retaliatory claims against Plaintiffs and others reporting the misconduct.

74.     Defendants repeatedly failed to investigate allegations of misconduct against Defendant McFadden, and instead pursued investigations on Plaintiff Miller and the other Plaintiffs who reported Defendant McFadden's  misconduct.

75.     Defendants used the investigative process to threaten, intimidate, retaliate, and further a goal of manufacturing evidence of systemic racism and bias within the Columbus Division of Police.

76.     Defendants used the investigative process to further Defendants' stated goal of rapidly changing the racial make-up of the Columbus Division of Police.

77.     Defendants created and perpetuated a hostile work environment based on race, where misconduct could not be reported without fear of retaliation, and investigations were dismissed based on the race of the parties involved.

78. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damages from the prior and ongoing hostile work environment, to include emotional distress, mental suffering, loss of career opportunities, and loss of dignity.

79. Among other things, and as a direct and proximate result of Defendants' complained of conduct, the Plaintiffs have been subjected to repeated and ongoing harassment to this day, disparate disciplinary and work rule requirements, and other measures all sufficient to create a severe and pervasive hostile work environment, have had adverse assignment changes to positions that accrue less pay and benefits (including for lost detail overtime), as well as positions that are well known as disadvantageous for future promotional opportunity, and have been likewise suffered corresponding loss of pay and benefits.

## **STATEMENT OF CLAIMS**

## **COUNT I – HOSTILE WORK ENVIRONMENT**

### Title VII, 42 U.S.C. § 2000e *et seq;* R.C. Chapter 4112, *et seq.*

80. Plaintiffs incorporate the previous paragraphs as if fully rewritten herein and further allege as follows:

81. Plaintiffs were qualified and held positions as sworn law enforcement officers for the Columbus Division of Police.

82. That because of race, Plaintiffs were subjected to various actions and mistreatment by Defendants, as set forth in the preceding paragraphs.

83.     That the conduct of the Defendants was so severe and/or pervasive that it had the purpose and effect of unreasonably interfering with the Plaintiffs' work performance and/or creating an intimidating, hostile, and/or offensive work environment.

84.     That the Defendants had knowledge of the discriminatory actions and/or supervised Plaintiffs.  As a result, Defendants are liable for the actions of the individuals. In the alternative, Defendants knew or should have known of the actions herein, and failed to take reasonable care to prevent and promptly correct the actions of the individuals, and are therefore liable for their actions.

85.     As a direct and proximate result of the Defendants' acts and omissions set forth above, Plaintiffs  suffered and continue to suffer damages and losses, including but not limited to loss of income, benefits, and other valuable job rights. Plaintiffs  suffered and continue to suffer from emotional distress for which they should be compensated.

86.     The above actions by the Defendants constitute hostile work environment harassment in violation of 42 U.S.C. §2000e, *et seq.* and R.C. Chapter 4112, *et seq.*, rendering Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and such other damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5 and 42 U.S.C. §1981, 42 U.S.C. §1981a, as well as R.C. Chapter 4112.

87. The facts as alleged herein demonstrate that Defendants engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiffs' federally protected rights.

88. As a result, Defendants' actions warrant the imposition of punitive damages under 42 U.S.C. §1981, 42 U.S.C. 1981a, 42 U.S.C. §1983, Ohio common law, and other applicable law.

89. Furthermore, punitive damages are warranted under state law, as Defendants' actions constitute oppression and/or malice., Defendants authorized and ratified such conduct, or should have anticipated such conduct would occur and taken steps to prevent such conduct, especially after such conduct was reported to Defendants by Plaintiffs, and appropriate remedial action and remedies were not taken.

## COUNT II – RACE DISCRIMINATION

### Title VII, 42 U.S.C. § 2000e *et seq.;* R.C.4112, *et seq.*

90. Plaintiffs incorporate the previous paragraphs as if fully rewritten herein and further allege as follows:

91. The facts as alleged herein constitute direct evidence of discrimination in violation of 42 U.S.C. §2000e, *et seq.* and R.C. Chapter 4112, *et seq.*

92. Plaintiffs were qualified and held positions as sworn law enforcement officers for the Columbus Division of Police.

93.    Plaintiffs are identified as white (eight), and black or bi-racial (four), and as such, were members of a class of protected individuals under 42 U.S.C. 2000e, *et seq.* and R.C. Chapter 4112, *et seq.*

94.    Plaintiffs suffered intentional discrimination and ultimately, had various adverse actions taken against them as the result of their status within the protected class.

95.    Furthermore, other individuals outside of Plaintiffs' protected class, and employed by Defendant City of Columbus, were treated more favorably, were not harassed, and did not have material adverse employment actions taken against them.

96.    Defendant McFadden's acts in discriminating against Plaintiffs based on their race include, but are not limited to, giving Performance Evaluation ratings that inaccurately reflected performance based on race, treating new black officers differently than similarly situated white officers, making racially charged statements indicating black officer should not trust white officers, using racist and inappropriate language when referring to black officers, demeaning black officers in interracial relationships, denying officers opportunities for temporary assignments and service on boards based on race, and threatening and discouraging officers in the performance of their duties based on her belief that officers are racist.

97.    Defendants Ginther, Pettus, Clark, Sarff, Bourke, and McHenry, were aware of Defendant McFadden's discriminatory actions, failed to take action to stop the illegal discrimination based on race, and supported her illegal actions through the investigative process.

98.     Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiffs' rights.

99.     As a direct and proximate result of the Defendants' actions as set forth above, Plaintiffs suffered and continue to suffer damages and losses, including but not limited to loss of income, benefits, and other valuable job rights. Plaintiffs suffered from and continue to suffer from emotional distress all for which they should be compensated.

100.    The above actions by the Defendants constitutes unlawful discrimination in violation of 42 U.S.C. § 2000e *et seq*., and  R.C.4112, *et seq*., rendering Defendants liable for injunctive relief, equitable relief, including damages, attorney fees, compensatory damages, damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5 and 42 U.S.C. §1981, 42 U.S.C. 1981a, as well as R.C. 4112.052.

101.    The facts as alleged herein demonstrate that Defendants engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiffs' federally protected rights.

102.    As a result, Defendants' actions warrant the imposition of punitive damages under 42 U.S.C. §1981, 42 U.S.C. 1981a, 42 U.S.C. §1983, Ohio common law, and other applicable law.

103.    Furthermore, punitive damages are warranted under state law, as Defendants' actions constitute oppression and/or malice., Defendants authorized and ratified such conduct,  or should have anticipated such conduct would occur and taken

21

steps to prevent such conduct, especially after such conduct was reported to Defendants by Plaintiffs, and appropriate remedial action and remedies were not taken.

## COUNT III- RETALIATION

### Title VII, 42 U.S.C. § 2000e *et seq.*; R.C.4112, *et seq.*

104.     Plaintiffs incorporate the previous paragraphs as if fully rewritten herein and further allege as follows:

105.     Plaintiffs were qualified and held positions as sworn law enforcement officers for the Columbus Division of Police.

106.     Following Plaintiffs' reports of unlawful conduct to Defendants and their agents and their participation in investigations regarding this unlawful conduct, the discrimination and harassment escalated, and adverse employment actions were taken against Plaintiffs, as set forth herein, in violation of 42 U.S.C. §2000e, *et seq.* and R.C. Chapter 4112, *et seq.* Specifically, Defendants  moved Plaintiffs from their positions, caused them to abandon preferred positions to avoid continued harassment, took  other job actions against Plaintiffs following their opposition to, and reporting of, discriminatory actions, and publicly disparaged Plaintiffs by labeling them as racists and other characterizations harmful to their safety and reputations.

107.     Thus, Plaintiffs have been discriminated against because they opposed practices made an unlawful employment practice by Title VII and/or R.C. Chapter 4112, and/or because they made charges, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under Title VII and/or R.C. Chapter 4112, in violation of 42 U.S.C. § 2000e-3(a), and under 4112.02(I).

108. As a direct and proximate result of the Defendants' conduct described herein, Plaintiffs suffered and continue to suffer irreparable harm and damages, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiffs also suffered from and continue to suffer emotional distress from Defendants' conduct described herein, all for which Plaintiffs should be compensated.

109. The above actions by the Defendants constitutes unlawful discrimination in violation of 42 U.S.C. §2000e, *et seq*. and R.C. Chapter 4112, *et seq*., rendering Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5 and 42 U.S.C. 1981, 42 U.S.C. 1981a, as well as R.C. Chapter 4112 and R.C. 4112.052.

110. The facts as alleged herein demonstrate that Defendants engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiffs' federally protected rights.

111. As a result, Defendants' actions warrant the imposition of punitive damages under 42 U.S.C. §1981, 42 U.S.C. 1981a, 42 U.S.C. §1983, Ohio common law, and other applicable law.

23

112. Furthermore, punitive damages are warranted under state law, as Defendants' actions constitute oppression and/or malice., Defendants authorized and ratified such conduct, or should have anticipated such conduct would occur and taken steps to prevent such conduct, especially after such conduct was reported to Defendants by Plaintiffs, and appropriate remedial action and remedies were not taken.

## **COUNT IV – DEPRIVATION OF RIGHTS**

### Title 42 U.S.C. § 1983 *et seq.*

113. Plaintiffs incorporate the previous paragraphs as if fully rewritten herein and further allege as follows:

114. Defendants at all times relevant to this action were City employees acting in their official capacity, including but not limited to, supervising, directing investigations, ruling on investigations, applying policies, evaluating subordinates, firing and disciplining employees.

115. Defendants were acting under the color of law.

116. Defendants unlawfully deprived Plaintiffs of their Constitutional rights in violation of the Fourteenth Amendment and the Equal Protection Clause to the Constitution of the United States.

117. Defendants selectively treated Plaintiffs less favorably based on their race compared with other similarly situated employees when Defendants failed to act on clear evidence of discrimination and harassment suffered by Plaintiffs.

24

118. Plaintiffs suffered retaliation on the basis of their participation in discrimination investigations and proceedings. Specifically, Defendants moved Plaintiffs from their positions, caused them to abandon preferred positions to avoid continued harassment, took other job actions against Plaintiffs following their opposition to, and reporting of, discriminatory actions, and publicly disparaged Plaintiffs by labeling them as racists and other characterizations harmful to their safety and reputations.

119. Defendants failed to enforce established policies, failed to address disparate treatment based on race, and permitted Defendant McFadden to retaliate against Plaintiffs and continue to perpetuate a hostile work environment based on race.

120. Defendants' actions and failure to fairly enforce established policies based on the race of the involved parties, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiffs.

121. The above actions by Defendants constitutes unlawful discrimination in violation of 42 U.S.C. §1983, *et seq.,* rendering Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and such other damages as may be proven at trial, under the provisions of 42 U.S.C. §1983 and 42 U.S.C. § 1988.

122. The facts as alleged herein demonstrate that Defendants engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiffs' federally protected rights.

123.    As a result, Defendants' actions warrant the imposition of punitive damages under 42 U.S.C. §1983 and other applicable law.

## COUNT V – DEPRIVATION OF RIGHTS

### R.C. 4112.02(J)

124.    Plaintiffs incorporate the preceding paragraphs as if fully restated here.

125.    R.C. 4112.02(J) prohibits any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

126.    Defendants violated R.C. 4112.02(J) by aiding, abetting, compelling, and coercing, violations of R.C. Chapter 4112, including by and through the actions set forth in Paragraphs 31 through 76.

127.    As a direct and proximate result of the Defendants' conduct described herein, Plaintiffs suffered and continue to suffer irreparable harm and damages, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiffs also suffered from and continue to suffer emotional distress from Defendants' conduct described herein, all for which Plaintiffs should be compensated.

128.    The above actions by the Defendants constitutes unlawful discrimination in violation of R.C. Chapter 4112, *et seq*., rendering Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages,

including damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of R.C. Chapter 4112 and R.C. 4112.052.

## COUNT VI – CONSPIRACY TO VIOLATE CIVIL RIGHTS

129.    Plaintiffs incorporate the preceding paragraphs as if fully restated here.

130.    Defendants Ginther, Pettus, Clark, McFadden, Sarff, Bourke, and McHenry, being two or more persons in Ohio, conspired to prevent, by intimidation or threat, Plaintiffs from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; they further conspired to injure Plaintiffs in their person or property on account of the lawful discharge of the duties of Plaintiffs' offices, and they conspired, while engaged in the lawful discharge thereof, or to injure Plaintiffs' property so as to molest, interrupt, hinder, or impede them in the discharge of their official duties, all in violation of 42 U.S.C. § 1985(1).

131.    Defendants Ginther, Pettus, Clark,  McFadden, Sarff, Bourke, and McHenry, being two or more persons in Ohio, conspired to for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the State of Ohio, with intent to deny to Plaintiffs, as citizens, the equal protection of the laws, or to injure them or their property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws, all in violation of 42 U.S.C. § 1985(2).

27

132. Defendants Ginther, Pettus, Clark, McFadden, Sarff, Bourke, and McHenry, being two or more persons in Ohio, conspired to for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the State of Ohio, with intent to deny to Plaintiffs, as citizens, the equal protection of the laws, or to injure them or their property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws, all in violation of 42 U.S.C. § 1985(2).

133. As a direct and proximate result of the Defendants' conduct described herein, Plaintiffs suffered and continue to suffer irreparable harm and damages, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiffs also suffered from and continue to suffer emotional distress from Defendants' conduct described herein, all for which Plaintiffs should be compensated.

134. The above actions by the Defendants constitutes an unlawful civil rights conspiracy, in violation of 42 U.S.C. § 1985, rendering Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

135. The facts as alleged herein demonstrate that Defendants engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiffs' federally protected rights.

136.    As a result, Defendants' actions warrant the imposition of punitive damages under law.

## COUNT VII – NEGLECT TO PREVENT  CONSPIRACY TO VIOLATE CIVIL RIGHTS

137.    Plaintiffs incorporate the preceding paragraphs as if fully restated here.

138.    Defendants, having knowledge that any of the wrongs conspired to be done, and mentioned in 42 U.S.C. § 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do, in violation of 42 U.S.C. § 1986.

139.    As a direct and proximate result of the Defendants' conduct described herein,  Plaintiffs suffered and continue to suffer irreparable harm and damages, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiffs also suffered from and continue to  suffer emotional distress from Defendants' conduct described herein, all for which Plaintiffs should be compensated.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a.  For all back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiffs whole, and compensate them for the civil rights violations described above;

b.  For compensatory damages, not otherwise included in backpay and pre-judgment interest and fringe benefits, including emotional damages, liquidated damages, injunctive relief, including the removal of any and all derogatory information regarding Plaintiffs found in any employment file or otherwise;

c.  For Plaintiffs' costs herein expended, including reasonable attorney's fees;

d.  For an award of punitive damages;

e. For sufficient injunctive relief, enjoining future violations of state and federal anti- discrimination law by Defendants, removal of any adverse employment information, and/or other restorative injunctive relief;

f. For trial by jury on all issues so triable; and

g. All other relief as this Court finds just and proper.

*/s/Zachary Gottesman*
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
404 East 12th Street
Cincinnati, OH 45202
Tel: (513) 651-2121
Fax: (513) 568-0655
zg@zgottesmanlaw.com

*/s/Christopher Wiest*
Christopher Wiest (0077931)
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
Tel: (513) 257-1895
Fax: (859) 495-0803
chris@cwiestlaw.com

*/s Robert J. Thumann*
Robert J. Thumann (0074975)
Crehan & Thumann, LLC
404 E. 12th Street, 2nd Floor
Cincinnati OH 45202
Office 513-381-5050
Fax 513-381-1700
thumann@ctlawcincinnati.com

*/s/ Thomas B. Bruns*
Thomas B. Bruns (KBA #84985)
4750 Ashwood Drive, Suite 200
Cincinnati, OH 45241
(513) 312-9890
(513) 800-1263 (fax)
tbruns@bcvalaw.com

/s/Robb S. Stokar
Robb S. Stokar (0091330)
Stokar Law, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 45202
Tel: 513-500-8511
rss@stokarlaw.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

/s/ Zachary Gottesman
Zachary Gottesman (0058675)

31