**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Andre Tate, *et al.*, | : | |
| | : | Case No. 2:23-cv-00492 |
| Plaintiffs, | : | |
| | : | Judge Michael H. Watson |
| vs. | : | |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| City of Columbus, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CITY OF COLUMBUS, ANDREW GINTHER, ROBERT CLARK, NED PETTUS, DOUGLAS SARFF, KATHLEEN BOURKE AND COURTNEY MCHENRY'S ANSWER TO PLAINTIFFS' COMPLAINT**
**(Jury Demand Endorsed Hereon)**

Now come Defendants City of Columbus, Andrew Ginther, Robert Clark, Ned Pettus, Douglas Sarff, Kathleen Bourke and Courtney McHenry (Collectively "Defendants"), by and through counsel, and hereby respond to Plaintiffs' Complaint in like-numbered paragraphs as follows:

**FIRST DEFENSE**

1. Paragraph 1 of Plaintiffs' Complaint refers to a legal conclusion for which no response is required. To the extent Paragraph 1 of Plaintiffs' Complaint purports to assert factual allegations, such allegations are denied.

2. Paragraph 2 of Plaintiffs' Complaint refers to a legal conclusion for which no response is required. Further answering, Defendants admit that Plaintiffs have been employees of the City of Columbus. The remaining allegations set forth in Paragraph 2 of Plaintiffs' Complaint is denied for want of knowledge.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Paragraph 15 of Plaintiffs' Complaint refers to a legal conclusion for which no response is required. Further answering, Defendant City of Columbus admits the factual allegations asserted in Paragraph 14 of the Plaintiffs' Complaint.

16. Admit that Andrew Ginther is the Mayor of the City of Columbus and is responsible for carrying out the duties of that office. Further answering, the remaining allegations set forth in Paragraph 16 of Plaintiffs' Complaint are denied for want of knowledge.

17. Admit that Robert Clark was appointed Director of the Columbus Department of Public Safety on or about September 3, 2021, and that he is responsible for carrying out the duties of that office. Further answering, the remaining allegations set forth in Paragraph 17 of Plaintiffs' Complaint are denied for want of knowledge.

18. Admit that Ned Pettus, Jr., Ph. D. was appointed Public Safety Director for the City of Columbus and served in that capacity until he retired from that position. During his tenure, Defendant Pettus was responsible for carrying out the duties of that office. Further answering, the

remaining allegations set forth in Paragraph 19 of Plaintiffs' Complaint are denied for want of knowledge.

19. Admit that Douglas Sarff was the Departmental Human Resources Officer at the Department of Public Safety from September 11, 2016 to May 28, 2022 and was responsible for carrying out the duties of that office. Further answering, the remaining allegations set forth in Paragraph 19 of Plaintiffs' Complaint are denied for want of knowledge.

20. Admit that Kathleen Bourke was the Assistant Director of EEO Compliance, Department of Public Safety and served in that capacity until she resigned from that position. During her tenure, Defendant Bourke was responsible for carrying out the duties of that office. Further answering, the remaining allegations set forth in Paragraph 20 of Plaintiffs' Complaint are denied for want of knowledge.

21. Admit that Courtney McHenry was the EEO Compliance Officer and Assistant Director of Department of Public Safety for the City of Columbus and served in that capacity until he resigned from that position. During his tenure, Defendant McHenry was responsible for carrying out the duties of that office. Further answering, the remaining allegations set forth in Paragraph 21 of Plaintiffs' Complaint are denied for want of knowledge.

22. Admit that Melissa McFadden is an African American female commander for the Columbus Division of Police and resides in the State of Ohio. Further answering, the remaining allegations set forth in Paragraph 22 of Plaintiffs' Complaint are denied for want of knowledge.

23. Paragraph 23 refers to a legal conclusion for which no response is required; otherwise, deny for want of knowledge.

24. Paragraph 24 refers to a legal conclusion for which no response is required; otherwise, deny for want of knowledge.

25. Paragraph 25 refers to a legal conclusion for which no response is required; otherwise, deny for want of knowledge.

26. Paragraph 26 refers to a document that speaks for itself. Further answering, these Defendants deny that Plaintiffs' charge was timely filed.

27. Paragraph 27 refers to a document that speaks for itself.

28. Defendants deny for want of knowledge the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny for want of knowledge the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Admit that in March 2016, Defendant McFadden was a lieutenant assigned to the geographical area known as Zone 2, located on the south side of Columbus.

31. Admit that Commander Grizzell became aware of allegations asserted against Defendant McFadden. Further answering, the remaining allegations asserted in Paragraph 31 of Plaintiffs' Complaint are denied for want of knowledge.

32. Admit that individuals, including Plaintiffs, asserted allegations against Defendant McFadden. Further answering, the remaining allegations set forth in Paragraph 32 are denied for want of knowledge.

33. Defendants deny for want of knowledge the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny for want of knowledge the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny for want of knowledge the allegations contained in Paragraph 35 of Plaintiffs' Complaint. Further answering, and for clarification, while Defendants admit that

Defendant McFadden admitted to using the phrase "black on black crime," Defendants deny the allegations for want of knowledge with regards to the accuracy of the statement as quoted by Plaintiffs and the characterization of its context.

36. Defendants deny for want of knowledge the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Admit that Plaintiff Morefield asserted allegations against Defendant McFadden. Further answering, the remaining allegations set forth in Paragraph 37 of Plaintiffs' Complaint are denied for want of knowledge.

38. Defendants deny for want of knowledge the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny for want of knowledge the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny for want of knowledge the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny for want of knowledge the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Admit that Plaintiff Johnson asserted allegations against Defendant McFadden. Further answering, the remaining allegations set forth in Paragraph 42 of Plaintiffs' Complaint are denied for want of knowledge.

43. Defendants deny for want of knowledge the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny for want of knowledge the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny for want of knowledge the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny for want of knowledge the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Admit that Plaintiff Kasza asserted allegations against Defendant McFadden. Further answering, the remaining allegations set forth in Paragraph 47 of Plaintiffs' Complaint are denied for want of knowledge.

48. Defendants deny for want of knowledge the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny for want of knowledge the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny for want of knowledge the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Admit that Plaintiffs asserted allegations against Defendant McFadden. Further answering, the remaining allegations set forth in Paragraph 51 of Plaintiffs' Complaint are denied for want of knowledge.

52. Defendants deny for want of knowledge the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny for want of knowledge the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54. Defendants deny for want of knowledge the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55. Defendants deny for want of knowledge the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. Defendants deny for want of knowledge the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57. Admit that the Division of Police investigated the allegations that were asserted against Defendant McFadden. Further answering, the remaining allegations set forth in Paragraph 57 of Plaintiffs' Complaint are denied for want of knowledge.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint. Further answering, and for clarification, while some members of the Division asserted allegations against Defendant McFadden, Plaintiffs' Complaint mischaracterizes the investigation's conclusion.

59. Paragraph 59 of Plaintiffs' Complaint is denied as characterized.

60. Admit that Chief Jacobs sustained the allegations against Defendant McFadden. Further answering, the remaining allegations set forth in Paragraph 60 of Plaintiffs' Complaint as they are characterized are denied for want of knowledge.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint as they are characterized. Further answering, and for clarification, Defendants admit that Chief Jacobs recommended a 240-hour suspension/termination/demotion to police officer.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63. Admit that Defendant Pettus found that the charges against Defendant McFadden were not sustained. Further answering, Defendant Pettus denies the remaining allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65. Admit that Defendant Pettus found that the charges against Defendant McFadden were not sustained. Further answering, Defendant Pettus denies the remaining allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68. Admit that Defendant Pettus met with certain Plaintiffs. Further answering, the remaining allegations set forth in Paragraph 68 of Plaintiffs' Complaint are denied as characterized.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70. Defendants deny for want of knowledge the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73. Defendants deny for want of knowledge the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80. Defendants reincorporate all previous responses and denials as if fully rewritten herein.

81. Defendants admit the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90. Defendants reincorporate all previous responses and denials as if fully rewritten herein.

91. Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92. Defendants admit the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93. Defendants deny for want of knowledge the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96. Defendants deny for want of knowledge the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104. Defendants reincorporate all previous responses and denials as if fully rewritten herein.

105. Defendants admit the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113. Defendants reincorporate all previous responses and denials as if fully rewritten herein.

114. Defendants admit that they were employees of the City of Columbus acting in their official capacity. Further answering, the remaining allegations set forth in Paragraph 114 of Plaintiffs' Complaint is denied for want of knowledge.

115. Paragraph 115 refers to a legal conclusion for which no response is required; otherwise, deny for want of knowledge.

116. Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124. Defendants reincorporate all previous responses and denials as if fully rewritten herein.

125. Paragraph 125 refers to a legal conclusion for which no response is required; otherwise, deny for want of knowledge.

126. Defendants deny the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129. Defendants reincorporate all previous responses and denials as if fully rewritten herein.

130. Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131. Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132. Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133. Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134. Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135. Defendants deny the allegations contained in Paragraph 135 of Plaintiffs' Complaint.

136. Defendants deny the allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137. Defendants reincorporate all previous responses and denials as if fully rewritten herein.

138. Defendants deny the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139. Defendants deny the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

**SECOND DEFENSE:**

140. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE:**

141. Plaintiffs' damages, if any, were not proximately caused by any actions or failure to act by the Defendants.

**FOURTH DEFENSE:**

142. Plaintiffs have failed to mitigate their damages.

**FIFTH DEFENSE:**

143. Defendants' actions and decisions with respect to Plaintiff were taken for legitimate, non-retaliatory, non-discriminatory reasons.

**SIXTH DEFENSE:**

144. Plaintiffs' claims are barred by the applicable statute(s) of limitations, laches, waiver and/or failure to exhaust administrative remedies.

**SEVENTH DEFENSE:**

145. The actions of Defendants were predicated upon reasonable belief.

**EIGHTH DEFENSE:**

146. Defendants are entitled to absolute and/or qualified immunity.

**NINTH DEFENSE:**

147. Defendants are immune with respect to claims under State law pursuant to Chapter 2744 of the Ohio Revised Code and/or Common Law of Ohio.

**TENTH DEFENSE:**

148. Plaintiffs' claims are barred by the doctrine of release.

**ELEVENTH DEFENSE:**

149. Defendants have, at all times, acted in good faith.

**TWELFTH DEFENSE:**

150. Defendants have, at all times, acted in accordance with applicable laws.

**THIRTEENTH DEFENSE:**

151. Defendants allege that at all times relevant to this lawsuit, Plaintiffs were treated in a manner consistent with other similarly situated employees.

**FOURTEENTH DEFENSE:**

152. All allegations asserted in Plaintiffs' Complaint that are not admitted are expressly denied.

**FIFTEENTH DEFENSE:**

153. The injuries and damages sustained by Plaintiffs, if any, which are specifically denied, were directly and proximately caused by Plaintiffs' own comparative negligence and their failure to follow applicable policies and procedures, thereby eliminating or proportionately reducing their recovery as a matter of law.

**SIXTEENTH DEFENSE:**

154. Defendants' acts, if any, were privileged.

**SEVENTEENTH DEFENSE:**

155. Any and all injuries and/or damages suffered by Plaintiffs, if any, and which are specifically denied, were directly and proximately caused by intervening and/or superseding acts, negligence or conduct of others, not the responsibility of these answering Defendants.

**EIGHTEENTH DEFENSE:**

156. At all relevant times, Defendants engaged in good faith efforts to comply with all laws prohibiting discrimination, harassment, and retaliation in employment.

**NINETEENTH DEFENSE:**

157. Any allocation of liability must include the fault of non-parties per Ohio Revised Code §2307.23, *et seq.*

**TWENTIETH DEFENSE:**

158. Defendants incorporate herein by reference, as if fully restated herein, all of the appropriate defenses set forth in Civil Rule 8 and/or 12 as applicable. Moreover, Defendants reserve all rights pursuant to Civil Rule 15 to subsequently amend this pleading to raise additional and/or withdraw any of the foregoing affirmative defenses as may become necessary during the investigation or discovery of this action.

**WHEREFORE,** Defendants pray that Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs be ordered to pay all costs and reasonable attorney fees sustained by these Defendants.

Respectfully submitted,

/s/ *Melvin J. Davis*  
Melvin J. Davis (0079224)  
Thomas N. Spyker (0098075  
Reminger Co., L.P.A.  
200 Civic Center Drive, Suite 800  
Columbus, Ohio 43215  
(614) 228-1311; FAX (614) 232-2410  
e-mail: mdavis@reminger.com  
tspyker@reminger.com  
*Attorney for Defendants City of Columbus, Andrew Ginther, Robert Clark, Ned Pettus, Douglas Sarff, Kathleen Bourke and Courtney McHenry*

## JURY DEMAND

Defendants hereby demand that this case be tried to a jury comprised of eight (8) persons.

/s/ *Melvin J. Davis*  
Melvin J. Davis (0079224)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via the Court's e-filing system this 3rd day of March 2023, to all counsel of record:

Zachary Gottesman, Esq.
404 East 12th Street
Cincinnati, Ohio 45202
zg@zgottesmanlaw.com

Christopher Wiest, Esq.
25 Town Center Blvd., Suite 104
Crestview Hills, KY 41017
chris@cwiestlaw.com

Robert J. Thumann, Esq.
404 E. 12th Street, 2nd Floor
Cincinnati, Ohio 45202
thumann@ctlawcincinnati.com

Thomas B. Bruns, Esq.
4750 Ashwood Drive, Suite 200
Cincinnati, Ohio 45241
tbruns@bcvalaw.com

Robb S. Stokar, Esq.
404 East 12th Street, 1st Floor
Cincinnati, Ohio 45202
rss@stokarlaw.com
*Attorneys for Plaintiffs*

Yazan S. Ashrawi, Esq.
Kaitlin L. Madigan, Esq.
FROST BROWN TODD LLP
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
yashrawi@fbtlaw.com
kmadigan@fbtlaw.com
*Counsel for Defendant Melissa McFadden*

/s/ *Melvin J. Davis*  
Melvin J. Davis (0079224)
Thomas N. Spyker (0098075)