**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ANDRE TATE, *et al.*, : | |
| : | Case No. 2:23-cv-00492 |
| Plaintiffs, : | |
| : | Judge Michael H. Watson |
| v. : | |
| : | Magistrate Judge Elizabeth Preston Deavers |
| CITY OF COLUMBUS, *et al.*, : | |
| : | |
| : | |
| Defendants. : | |

**DEFENDANT MELISSA MCFADDEN'S ANSWER TO PLAINTIFFS' COMPLAINT**
**(Jury Demand Endorsed Hereon)**

Now comes Defendant Melissa McFadden ("Defendant" or "McFadden"), by and through counsel, and responds to Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

1. Defendant states Paragraph 1 of Plaintiffs' Complaint alleges a legal conclusion for which no response is required. Defendant denies any remaining factual allegations in Paragraph 1 of the Complaint.

2. Defendant states Paragraph 2 of Plaintiffs' Complaint alleges a legal conclusion for which no response is required. Defendant denies any remaining factual allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits the allegations in Paragraph 4 of Plaintiffs' Complaint.

5. Defendant admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant admits the allegations in Paragraph 7 of Plaintiffs' Complaint.

8. Defendant admits the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant admits the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant admits the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. Defendant states Paragraph 15 of Plaintiffs' Complaint alleges a legal conclusion for which no response is required. Defendant admits the factual allegations in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant admits knowledge that Andrew Ginther is the Mayor of the City of Columbus. Defendant denies the remaining allegations in Paragraph 16 for lack of knowledge.

17. Defendant admits knowledge that Robert Clark is the Director of the Columbus Department of Public Safety. Defendant denies the remaining allegations in Paragraph 17 for lack of knowledge.

18. Defendant admits knowledge that Ned Pettus Jr. served as the Public Safety Director for the City of Columbus. Defendant denies the remaining allegations in Paragraph 18 for lack of knowledge.

19. Defendant admits knowledge that Douglas Sarff served as the Departmental Human Resources Officer at the Department of Public Safety. Defendant denies the remaining allegations in Paragraph 19 for lack of knowledge.

20. Defendant admits knowledge that Kathleen Bourke served as the Assistant Director of EEO Compliance, Department of Public Safety. Defendant denies the remaining allegations in Paragraph 20 for lack of knowledge.

21. Defendant admits knowledge that Courtney McHenry served as the EEO Compliance Officer and Assistant Director of Department of Public Safety for the City of Columbus. Defendant denies the remaining allegations in Paragraph 21 for lack of knowledge.

22. Defendant admits she is a "black, female commander for the Columbus Division of Police" as cited in Paragraph 22 of Plaintiffs' Complaint and that she resides in the State of Ohio. Defendant denies the remaining allegations in Paragraph 22 for lack of knowledge.

23. Defendant states Paragraph 23 of Plaintiffs' Complaint alleges a legal conclusion for which no response is required. Defendant denies any remaining factual allegations in Paragraph 23 for lack of knowledge.

24. Defendant states Paragraph 24 of Plaintiffs' Complaint alleges a legal conclusion for which no response is required. Defendant denies any remaining factual allegations in Paragraph 24 for lack of knowledge.

25. Defendant states Paragraph 25 of Plaintiffs' Complaint alleges a legal conclusion for which no response is required. Defendant denies any remaining factual allegations in Paragraph 25 for lack of knowledge.

26. Defendant states Paragraph 26 of Plaintiffs' Complaint references a document that speaks for itself. Defendant denies any remaining allegations in Paragraph 26, including that Plaintiffs' charge was timely filed.

27. Defendant states Paragraph 27 references a document that speaks for itself and that no response is required of Defendant for Paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiffs' Complaint for lack of knowledge.

29. Defendant denies the allegations in Paragraph 29 of Plaintiffs' Complaint for lack of knowledge.

30. Defendant admits that in March 2014, not 2016, she was assigned as a patrol lieutenant to Zone 2. Defendant states Zone 2 is the south and east side of Columbus, not the south side. Defendant admits the remaining allegations in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant states that Paragraph 31 of Plaintiffs' Complaint contains mischaracterizations. Defendant responds that Commander Grizzell solicited complaints against her and did not "became aware of complaints" as alleged in the Complaint. Defendant denies the allegations regarding the timeline and content of the complaints in Paragraph 31 of Plaintiffs' Complaint for lack of knowledge. Defendant denies making any "abusive and racially discriminatory conduct towards supervisors and officers" as alleged in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant admits knowledge that "sworn personnel" "came forward to recount incidents of intimidation" as alleged in Paragraph 32 of Plaintiffs' Complaint but denies that these "personnel" included all Plaintiffs. Defendant states Plaintiffs Mason, Steel, Miller and Taylor did not recount any complaints against her. Defendant denies the allegations regarding the timeline and content of the "recounting of incidents" as alleged in Paragraph 32 of Plaintiffs' Complaint for lack of knowledge. Defendant denies any participation in "incidents of intimidation, demeaning and racially divisive comments, disparate treatment based on race, and . . . a hostile work environment" as alleged in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiffs' Complaint.

4

34. Defendant denies the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant admits stating in the internal investigation that she "did not believe in black on black crime," and that she described "black on black crime" as "doing another black person dirty." However, Defendant states that Paragraph 35 omits the context of these statements. Defendant denies any remaining allegations in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. Defendant denies the allegations in Paragraph 37 of Plaintiffs' Complaint for lack of knowledge.

38. Defendant denies the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Defendant denies the allegations in Paragraph 39 of Plaintiffs' Complaint.

40. Defendant denies the allegations in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the allegations in Paragraph 42 of Plaintiffs' Complaint for lack of knowledge.

43. Defendant denies the allegations in Paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. Defendant denies the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations in Paragraph 46 of Plaintiffs' Complaint.

47. Defendant denies the allegations in Paragraph 47 of Plaintiffs' Complaint for lack of knowledge.

48. Defendant denies the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Defendant denies the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Defendant denies the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. Defendant denies the allegations in Paragraph 51 of Plaintiffs' Complaint for lack of knowledge.

52. Defendant denies the allegations in Paragraph 52 of Plaintiffs' Complaint.

53. Defendant denies the allegations in Paragraph 53 of Plaintiffs' Complaint.

54. Defendant denies the allegations in Paragraph 54 of Plaintiffs' Complaint.

55. Defendant denies the allegations in Paragraph 55 of Plaintiffs' Complaint.

56. Defendant denies the allegations in Paragraph 56 of Plaintiffs' Complaint where Plaintiffs' Complaint mischaracterizes her statement and omits the context of the statement. Defendant denies having "argued with a community member at a public meeting" and states that any comments regarding "officers . . . only arrest[ing] blacks and poor people" as alleged in the Complaint were in response to the proposal of a no-tolerance arrest policy. Defendant denies any remaining allegations in Paragraph 56 of Plaintiffs' Complaint.

57. Defendant admits the Division of Police investigated allegations against her. Defendant denies the remaining allegations in Paragraph 57 of Plaintiffs' Complaint for lack of knowledge. Defendant denies she "made demeaning and racially discriminatory comments, subjected subordinates to disparate treatment, and created a hostile work environment based on race and gender" as alleged in Paragraph 57 of Plaintiffs' Complaint.

58. Defendant denies the allegations in Paragraph 58 of Plaintiffs' Complaint. Defendant further answers Plaintiffs' Complaint mischaracterizes the findings of the investigation in Paragraph 58.

59. Defendant denies the allegations in Paragraph 58 of Plaintiffs' Complaint. Defendant further answers Plaintiffs' Complaint mischaracterizes the findings of the investigation in Paragraph 59.

60. Defendant admits Chief Jacobs sustained the allegations against her. Defendant denies all remaining allegations in Paragraph 60 of Plaintiffs' Complaint.

61. Defendant denies the allegations in Paragraph 61 of Plaintiffs' Complaint as written. Defendant further answers that Plaintiffs' Complaint mischaracterizes the action taken against her. Defendant further answers, for clarification, that Chief Jacobs recommended a 240-hour suspension/termination/demotion to police officer.

62. Defendant denies the allegations in Paragraph 62 of Plaintiffs' Complaint for lack of knowledge.

63. Defendant admits Defendant Pettus found the charges against her were not sustained. Defendant denies the remaining allegations in Paragraph 63 of Plaintiffs' Complaint.

64. Defendant denies the allegations in Paragraph 64 of Plaintiffs' Complaint.

65. Defendant admits Defendant Pettus found the charges against her were not sustained. Defendant denies the remaining allegations in Paragraph 65 of Plaintiffs' Complaint.

66. Defendant denies the allegations in Paragraph 66 of Plaintiffs' Complaint.

67. Defendant denies the allegations in Paragraph 67 of Plaintiffs' Complaint.

68. Defendant denies the allegations in Paragraph 68 of Plaintiffs' Complaint for lack of knowledge.

69. Defendant denies the allegations in Paragraph 69 of Plaintiffs' Complaint.

70. Defendant admits to authoring a book. Defendant denies all remaining allegations in Paragraph 70 of Plaintiffs' Complaint including that the book "publicly disparaged and attacked the Division of Police, Plaintiffs Miller, Mason, Taylor and others as racists."

71. Defendant denies the allegations in Paragraph 71 of Plaintiffs' Complaint.

72. Defendant denies the allegations in Paragraph 72 of Plaintiffs' Complaint.

73. Defendant denies the allegations in Paragraph 73 of Plaintiffs' Complaint.

74. Defendant denies the allegations in Paragraph 74 of Plaintiffs' Complaint.

75. Defendant denies the allegations in Paragraph 75 of Plaintiffs' Complaint.

76. Defendant denies the allegations in Paragraph 76 of Plaintiffs' Complaint.

77. Defendant denies the allegations in Paragraph 77 of Plaintiffs' Complaint.

78. Defendant denies the allegations in Paragraph 78 of Plaintiffs' Complaint.

79. Defendant denies the allegations in Paragraph 79 of Plaintiffs' Complaint.

80. Defendant re-alleges and incorporates the responses to Paragraphs 1 through 79 to Plaintiffs' Complaint as if fully re-written herein.

81. Defendant admits the allegations in Paragraph 81 of Plaintiffs' Complaint.

82. Defendant denies the allegations in Paragraph 82 of Plaintiffs' Complaint.

83. Defendant denies the allegations in Paragraph 83 of Plaintiffs' Complaint.

84. Defendant denies the allegations in Paragraph 84 of Plaintiffs' Complaint.

85. Defendant denies the allegations in Paragraph 85 of Plaintiffs' Complaint.

86. Defendant denies the allegations in Paragraph 86 of Plaintiffs' Complaint.

87. Defendant denies the allegations in Paragraph 87 of Plaintiffs' Complaint.

88. Defendant denies the allegations in Paragraph 88 of Plaintiffs' Complaint.

89. Defendant denies the allegations in Paragraph 89 of Plaintiffs' Complaint.

90. Defendant re-alleges and incorporates the responses to Paragraph 1 through 89 of Plaintiffs' Complaint as if fully rewritten herein.

91. Defendant denies the allegations in Paragraph 91 of Plaintiffs' Complaint.

92. Defendant admits the allegations in Paragraph 92 of Plaintiffs' Complaint.

93. Defendant denies the allegations in Paragraph 93 of Plaintiffs' Complaint.

94. Defendant denies the allegations in Paragraph 94 of Plaintiffs' Complaint.

95. Defendant denies the allegations in Paragraph 95 of Plaintiffs' Complaint.

96. Defendant denies the allegations in Paragraph 96 of Plaintiffs' Complaint.

97. Defendant denies the allegations in Paragraph 97 of Plaintiffs' Complaint.

98. Defendant denies the allegations in Paragraph 98 of Plaintiffs' Complaint.

99. Defendant denies the allegations in Paragraph 99 of Plaintiffs' Complaint.

100. Defendant denies the allegations in Paragraph 100 of Plaintiffs' Complaint.

101. Defendant denies the allegations in Paragraph 101 of Plaintiffs' Complaint.

102. Defendant denies the allegations in Paragraph 102 of Plaintiffs' Complaint.

103. Defendant denies the allegations in Paragraph 103 of Plaintiffs' Complaint.

104. Defendant re-alleges and incorporates the responses to Paragraph 1 through 103 of Plaintiffs' Complaint as if fully rewritten herein

105. Defendant admits the allegations in Paragraph 105 of Plaintiffs' Complaint.

106. Defendant denies the allegations in Paragraph 106 of Plaintiffs' Complaint.

107. Defendant denies the allegations in Paragraph 107 of Plaintiffs' Complaint.

108. Defendant denies the allegations in Paragraph 108 of Plaintiffs' Complaint.

109. Defendant denies the allegations in Paragraph 109 of Plaintiffs' Complaint.

110. Defendant denies the allegations in Paragraph 110 of Plaintiffs' Complaint.

111. Defendant denies the allegations in Paragraph 111 of Plaintiffs' Complaint.

112. Defendant denies the allegations in Paragraph 112 of Plaintiffs' Complaint.

113. Defendant re-alleges and incorporates the responses to Paragraph 1 through 112 of Plaintiffs' Complaint as if fully rewritten herein

114. Defendant admits she was an employee of the City of Columbus and was acting in her official capacity. Defendant denies the remaining allegations set forth in Paragraph 114 of Plaintiffs' Complaint.

115. Defendant states that Paragraph 115 of Plaintiffs' Complaint alleges a legal conclusion for which no response is required. Defendant denies any remaining factual allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations in Paragraph 116 of Plaintiffs' Complaint.

117. Defendant denies the allegations in Paragraph 117 of Plaintiffs' Complaint.

118. Defendant denies the allegations in Paragraph 118 of Plaintiffs' Complaint.

119. Defendant denies the allegations in Paragraph 119 of Plaintiffs' Complaint.

120. Defendant denies the allegations in Paragraph 120 of Plaintiffs' Complaint.

121. Defendant denies the allegations in Paragraph 121 of Plaintiffs' Complaint.

122. Defendant denies the allegations in Paragraph 122 of Plaintiffs' Complaint.

123. Defendant denies the allegations in Paragraph 123 of Plaintiffs' Complaint.

124. Defendant re-alleges and incorporates the responses to Paragraph 1 through 124 of Plaintiffs' Complaint as if fully rewritten herein.

125. Defendant states that Paragraph 125 of Plaintiffs' Complaint alleges a legal conclusion for which no response is required. Defendant denies any remaining factual allegations in Paragraph 125 of the Complaint.

126. Defendant denies the allegations in Paragraph 126 of Plaintiffs' Complaint.

127. Defendant denies the allegations in Paragraph 127 of Plaintiffs' Complaint.

128. Defendant denies the allegations in Paragraph 128 of Plaintiffs' Complaint.

129. Defendant denies the allegations in Paragraph 129 of Plaintiffs' Complaint.

130. Defendant denies the allegations in Paragraph 130 of Plaintiffs' Complaint.

131. Defendant denies the allegations in Paragraph 131 of Plaintiffs' Complaint.

132. Defendant denies the allegations in Paragraph 132 of Plaintiffs' Complaint.

133. Defendant denies the allegations in Paragraph 133 of Plaintiffs' Complaint.

134. Defendant denies the allegations in Paragraph 134 of Plaintiffs' Complaint.

135. Defendant denies the allegations in Paragraph 135 of Plaintiffs' Complaint.

136. Defendant denies the allegations in Paragraph 136 of Plaintiffs' Complaint.

137. Defendant re-alleges and incorporates the responses to Paragraph 1 through 136 of Plaintiffs' Complaint as if fully rewritten herein.

138. Defendant denies the allegations in Paragraph 138 of Plaintiffs' Complaint.

139. Defendant denies the allegations in Paragraph 139 of Plaintiffs' Complaint.

140. Any allegations in Plaintiffs' Complaint that are not expressly admitted are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were not proximately caused by an action or failure to act by Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations, release, laches, waiver and/or the failure to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is immune against any of Plaintiffs' State law claims pursuant to R.C. §2744 *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's actions and decisions with respect to Plaintiffs were taken for legitimate, non-discriminatory, non-retaliatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by issue preclusion and/or claim preclusion.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant's actions were predicated upon reasonable belief.

### NINETH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join all parties necessary for the adjudication of this dispute.

Defendant, has at all times relevant to the Complaint, acted in good faith in in accordance with applicable laws.

### TENTH AFFIRMATIVE DEFENSE

Defendant states that at all times relevant to the Complaint, Plaintiffs were treated in a manner consistent with other similarly situated employees.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were directly and proximately caused by intervening and/or superseding causes and/or the negligence of others.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant's liability, which is expressly denied, must be allocated pursuant to the fault of any non-party pursuant to R.C. §2307.23 *et seq.*

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant hereby incorporates all applicable defenses in Fed. Civ. R. 8 and Fed. Civ. R. 12. Defendant further expressly reserves the right to supplement this Answer to assert additional defenses that arise during discovery.

**WHEREFORE**, Defendant prays that Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs be ordered to pay all costs and reasonable attorney fees sustained by Defendant.

Respectfully submitted,

*/s/ Kaitlin L. Madigan*
Yazan S. Ashrawi (0089565)
Kaitlin L. Madigan (0087891)
FROST BROWN TODD LLP
10 W. Broad Street, Suite 2300
Columbus, OH 43215
614-464-1211 / 614-464-1737 (Fax)
yashrawi@fbtlaw.com
kmadigan@fbtlaw.com

*Attorneys for Defendant Melissa McFadden*

**JURY DEMAND**

Defendant hereby demands this case be tried to a jury of eight (8) persons.

*/s/ Kaitlin L. Madigan*
Kaitlin L. Madigan    (0087891)

13

## CERTIFICATE OF SERVICE

On this 22nd day of March, a true and accurate copy of the foregoing was filed with the Court and served by operation of this Court's electronic filing system on all parties who have filed an appearance in this matter.

*/s/ Kaitlin L. Madigan*
Kaitlin L. Madigan     (0087891)

0127727.0767391   4867-6238-3447v1