**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Andre Tate, *et al.*, | : | |
| | : | Case No. 2:23-cv-00492 |
| Plaintiffs, | : | |
| | : | Judge Michael H. Watson |
| vs. | : | |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| City of Columbus, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS ANDREW GINTHER, ROBERT CLARK, NED PETTUS, DOUGLAS SARFF, KATHLEEN BOURKE COURTNEY MCHENRY AND THE CITY OF COLUMBUS'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Andrew Ginther, Robert Clark, Ned Pettus, Douglas Sarff, Kathleen Bourke, Courtney McHenry, and the City of Columbus (collectively, "Defendants"), by and through counsel, respectfully move this Court for dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12 (c), 8(a), and the United States Supreme Court's decision in *Ashcroft v. Iqbal*, which requires complaints to contain more than bare assertions. *Ashcroft*, 129 S. Ct. 1937 (2009). The grounds in support of this Motion are more fully set forth in the Memorandum in Support attached below.

Respectfully submitted,

/s/ *Melvin J. Davis*
Melvin J. Davis (0079224)
Thomas N. Spyker (0098075
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
(614) 228-1311; FAX (614) 232-2410
e-mail:  mdavis@reminger.com
tspyker@reminger.com
*Attorney for Defendants City of Columbus, Andrew Ginther, Robert Clark, Ned Pettus, Douglas Sarff, Kathleen Bourke and Courtney McHenry*

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Plaintiffs' Complaint presents an odd proposition, seeking to hold the City of Columbus and numerous individual defendants liable for discipline they did not pursue against Co-Defendant Melissa McFadden ("McFadden"). Indeed, the gravamen of Plaintiffs' Complaint is that these Defendants did not take harsh enough disciplinary actions against McFadden as it relates to a 2018 internal affairs investigation of conduct that allegedly occurred when she supervised Plaintiffs from 2016-2017. Notably missing from the Complaint, are allegations of any affirmative acts taken by the City of Columbus or the individual defendants against Plaintiffs, let alone conduct that occurred after 2018. As such, this Court does not need to address the merits of Plaintiffs' allegations because the claims are untimely. Additionally, even accepting the allegations in the Complaint as true, Plaintiffs have failed to plead any plausible causes of action against the City of Columbus or these individual defendants. Consequently, for these reasons, as outlined below, judgment on the pleadings is proper.

### II. FACTUAL ALLEGATIONS

#### A. The Complaint is based on acts allegedly occurring in 2016 and 2017.

The instant Complaint stems from McFadden's alleged conduct that occurred in 2016-2017, when she supervised Plaintiffs, and their dissatisfaction with the discipline of McFadden following an Internal Affairs investigation.[1] According to the Complaint, in March 2016, McFadden was assigned as the patrol lieutenant of Zone 2, a geographical area of the city patrolled by the Division of Police. (*See* Compl., ECF: #1 at PageID: #9, ¶ 30). In February 2017, the Zone 2 commander

---

[1] The facts contained herein are those the Court may consider at this stage, pursuant Rule 12(C). The facts outlined in Plaintiffs' Complaint are taken as true for the purpose of this Motion only. This recitation of facts is neither an endorsement of, nor admission to, anything pled in the Complaint not otherwise admitted in Defendants' Answer.

1

became aware of allegations that she had acted abusively and discriminatorily toward those working under her supervision. (*Id.* at ¶ 31). An investigation into McFadden's conduct followed. (*Id.*, at ¶ 32). Plaintiffs contend that during the investigation they came forward to recount incidents of intimidation, racially divisive comments, disparate treatment based on race, and described a hostile work environment based on race. (*Id.* at ¶ 32).

### 1. Andre Tate

Plaintiff Andre Tate ("Tate") alleges that on January 25, 2017, he met with McFadden who gave him a "*more favorable* evaluation" because he is an African American." (*Id.* at ¶¶ 33-36) (emphasis added).

### 2. Levon Morefield

Plaintiff Levon Morefield ("Morefield") alleges that on March 6, 2017, he reported to a supervisor that he had been a victim of hostile work environment based on race. (*Id.* at ¶ 37). According to Morefield, McFadden had commented that his friends were unhappy that he had married a white woman. (*Id.* at ¶38). As a result of McFadden's comments, Morefield left a position on Zone 2 in 2016. (*Id.* at ¶41).

### 3. Anthony Johnson

Plaintiff Anthony Johnson ("Johnson") claims that on March 16, 2017, he reported that he was a victim of hostile work environment based on race and subjected to racially discriminatory comments from McFadden. (*Id.* at ¶ 42). According to Johnson, he was required to meet with McFadden during which times she made several race-based comments including "we (black) officers have to stick together." (*Id.* at ¶ 45).

4. Jeff Kasza

Plaintiff Jeff Kasza ("J. Kasza") claims that in June 2017, he reported that he was subjected to racially discriminatory comments from McFadden. (*Id*. at ¶ 47). He does not provide any further details, but it is generally alleged that McFadden made public statements that African American males were unfairly targeted by white officers. (*Id*. at ¶ 50).

5. Amanda Kasza

Plaintiff Amanda Kasza ("A. Kasza") alleges that on or around April 28, 2016, McFadden denied her the opportunity to serve on a new officer selection board. (*Id*. at ¶ 55).

6. Lee Hurst

Plaintiff Lee Hurst ("Hurst") alleges that McFadden argued with community members at a public meeting, which presumably occurred in 2016, and stated that few officers is better and that officers will only arrest "blacks" and "poor people." (*Id*. at ¶ 56).

7. Frank Miller, Bryan Mason, Trent Taylor

Plaintiffs Frank Miller ("Miller"), Bryan Mason ("Mason"), and Trent Taylor ("Taylor") allege that in September 2020, McFadden authored a book that publicly disparaged and attacked the Division of Policy, including themselves, as racists. (*Id*. at ¶ 70).

8. Paul C. Tobin, Alex Mottinger, Brian Steel

Plaintiffs Paul Tobin ("Tobin") and Alex Mottinger ("Mottinger") allege that they advised the City of Columbus that McFadden perpetuated a hostile work environment based on race, and made them fearful of engaging in proactive police work but do not provide any further details. (*Id*. at ¶ 51). Plaintiff Brian Steel does not assert any factual allegations at all.

3

### B. Plaintiffs acknowledge that the internal investigation into McFadden's alleged conduct was completed in 2018.

Plaintiffs allege that after the City of Columbus was informed of McFadden's alleged conduct, an internal investigation of their complaints was completed on February 9, 2018. (Compl., ECF: #1 at PageID: #13, ¶ 57). After the investigation, then-Police Chief Kimberly Jacobs recommended that McFadden be suspended, demoted, and terminated. (*Id.* ¶ 60). According to Plaintiffs, Defendant Ned Pettus ("Pettus"), who was the Director of Public Safety at the time, ultimately dismissed the investigation and restored McFadden to her previous position without discipline. (*Id.* at ¶ 63). Pettus then met with certain Plaintiffs and supported their transfer to assignments that were not under McFadden's supervision. (*Id.* at ¶ 68).

Plaintiffs claim that despite the reassignments, Defendants Andrew Ginther ("Ginther"), Pettus, Douglas Sarff ("Sarff"), and Kathleen Bourke ("Bourke") allowed McFadden to publicly disparage, attack, and retaliate against persons connected with the internal investigation. (*Id.* at ¶ 69). Plaintiffs do not provide any details of the supposedly disparaging conduct that was allowed to occur other than the book McFadden authored in September 2020. (*Id.* at ¶ 70).

### III. LEGAL STANDARD

After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). The standard of review for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). To survive such a motion, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the

4

speculative level" and to "state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

IV. **LAW AND ARGUMENT**

    A. **Plaintiffs' claims asserted pursuant to Title VII in Counts I through III are time-barred.**

Counts I through III of Plaintiffs' Complaint assert claims under Title VII. (*See* Compl., ECF: #1, PageID: 17-24). However, these claims are time-barred and must be dismissed. It is well established that before filing a discrimination lawsuit under Title VII, a plaintiff must first file a timely administrative charge with the EEOC. *Chandler v. City of Cincinnati*, S.D.Ohio No. 1:20-cv-0967, 2021 U.S. Dist. LEXIS 120265, at *9 (June 26, 2021). If the alleged unlawful practice occurred in a "deferral" state, such as Ohio, a plaintiff must file an EEOC charge within 300 days of the alleged discriminatory act. *Id*. While the "300-day bar" is not jurisdictional, it "does have the effect of a statute of limitations." *Tartt v. City of Clarksville*, 149 F.App'x 456, 460 (6th Cir.2005). In other words, "it is appropriate to dismiss a Title VII action for failure to timely exhaust administrative remedies." *Chandler*, 2021 U.S. Dist. LEXIS 120265, at * 9 (citing *Williams v. Northwest Airlines*, 53 F.App'x 350, 352 (6th Cir.2002)).

    1. **Plaintiffs waited nearly three years from the date of the alleged unlawful Conduct to file an EEOC Charge.**

Here, Plaintiffs filed their EEOC Charge on July 7, 2021. (Compl., ECF: # 1 at PageID: #9, ¶ 26). Yet, the conduct alleged in Plaintiffs' Complaint giving rise to their Title VII claims occurred exclusively in 2016 and 2017.[2] (*Id*. at PageID: #10-15). Indeed, the latest allegation occurred in

---

[2] Three Plaintiffs claim McFadden privately published a book, calling them racists. (*See* Compl., ECF: #1 at PageID: #15, ¶ 70). There is no allegation that this standalone point is related to any

5

"June of 2017." (*Id*. at PageID: #12, ¶¶ 46-50). To be timely, a Charge should have been filed on or before April 26, 2018—300 days after the end of June 2017. Instead, Plaintiffs waited 1468 days to file their Charge. (*Id*. at PageID: #9, ¶ 26). As such, the Title VII claims plead in Counts I through III are time-barred and must be dismissed. *See Chandler*, 2021 U.S. Dist. LEXIS 120265, at * 9.

### 2. **Plaintiffs cannot claim any equitable tolling of the 300-day bar.**

To the extent Plaintiffs allege the time limit to file a Charge was equitably tolled, that argument fails. While the Sixth Circuit has held equitable tolling can apply to the 300-day bar, courts should apply the doctrine sparingly. *Thomas v. Columbus City Schools*, S.D.Ohio No. 2:21-cv-1117, 2021 U.S. Dist. LEXIS 191629, at *8 (Oct. 5, 2021) (citing *Williams v. Nw. Airlines*, 53 F. App'x 350, 351 (6th Cir. 2002)). It is Plaintiffs' duty to demonstrate facts showing they have been diligently pursuing their claims. *Id*.

Nothing in the Complaint can reasonably be read to demonstrate such facts. Plaintiffs allege that an internal investigation occurred, related to their allegations, and concluded on February 9, 2018. (Compl., ECF: # 1 at PageID: #13, ¶ 57). But any reliance on this internal investigation for equitable tolling fails on both law and the facts pleaded.

First, attempting to resolve disputes internally for over two years is not sufficient to demonstrate the "diligent pursuit of claims" necessary for a court to grant an equitable tolling of the 300-day bar. *See e.g*., *Thomas v. Columbus City Schools*, S.D.Ohio No. 2:21-cv-1117, 2021 U.S. Dist. LEXIS 191629, at *11 (Oct. 5, 2021) (dismissing an ADA claim because of the untimely filing of an EEOC charge where the plaintiff claimed they were pursuing internal remedies over a two-year period). Moreover, the internal investigation concluded on February 9, 2018. (Compl., ECF: #

---

claims. Further, even if it were, and even if McFadden's publishing of a book as a private citizen could be the basis of a Title VII claim, it would still be untimely.

1 at PageID: #13, ¶ 57). Even assuming the 300-day bar was tolled until the investigation was completed, this puts the charge filing deadline at or around December 6, 2018. So even if the Court tolled the deadline during the City's internal investigation, Plaintiffs still missed the deadline to file a charge by 1244 days. Either way, the charge was untimely, and as such, these claims are time-barred.

> **B. Plaintiffs' claims asserted pursuant to Title VII in Count I through Count III should dismissed because that statute does not create a cause of action for individual liability. [3]**

To the extent the Court finds the Title VII claims contained in Counts I through Count III are timely, Plaintiffs cannot sustain those claims against the individually named Defendants. Without question, Title VII does not recognize this type of individual capacity claims. Rather, it is well established that "an individual is not liable under Title VII unless they otherwise qualify as an employer." *Maudlin v. Inside Out Inc.*, S.D.Ohio No. 3:13-CV-00354-TMR, 2014 U.S. Dist. LEXIS 46228, at *6 (Apr. 3, 2014). Under Title VII, an "employer" is defined to mean "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such person." *Id*.

Here, Plaintiffs name individual Defendants including Mayor Ginther, two public safety directors (Pettus and Clark), two deputy public safety directors (Bourke and McHenry), and the departmental human resources officer (Sarff). (*See* Compl., ECF #1 at PageID: #7-8, ¶¶16-21). The Sixth Circuit, and its district courts, have repeatedly held that individuals in these types of positions

---

[3] Unlike in the § 1983 context, this Circuit has not entirely ruled out the possibility of official capacity Title VII claims. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 n. 2 (6th Cir. 2001) (noting without deciding that the issue is open in the Sixth Circuit). To the extent this claim is viable, it must be pleaded that "defendants had significant control over his working conditions such that they could be considered the alter ego" of the City. *Campbell v. Korleski*, S.D.Ohio No. 2:10-cv-1129, 2011 U.S. Dist. LEXIS 76310, at *13 (July 14, 2011). Plaintiffs make no such allegation, thus to the extent this claim is even recognized in the Circuit, it is not pleaded here.

are not employers under Title VII and thus not subject to individual liability. *See e.g., Curry v. Theaker*, 6th Cir. No. 22-3435, 2022 U.S. App. LEXIS 35225, at *6 (Dec. 20, 2022) (affirming the dismissal of individual Title VII claims against the Mayor, human resources director, and various agency heads of the City of Mansfield finding them unactionable); *see also*, *Sack v. Barbish*, N.D.Ohio No. 1:21-cv-00364-PAB, 2021 U.S. Dist. LEXIS 172730, at *10 (Sep. 13, 2021) (dismissing individual Title VII claims against the mayor and public safety director as unactionable and redundant to the claim against the named city).

Accordingly, the Title VII claims raised in Counts I through III against the individual defendants must be dismissed.

### C. Plaintiffs' Counts I through Count III do not plead any plausible claims under either Title VII or R.C. 4112, *et seq*.

Counts I through Count III allege claims arising under both Title VII and R.C. 4112, *et seq*. (*See* Compl., ECF: #1, PageID: 17-24). Claims brought under R.C. 4112 are substantively analyzed the same as those brough under Title VII. *Grubach v. Univ. of Akron*, 10th Dist. Franklin No. 19AP-283, 2020-Ohio-3467, ¶ 48. Accordingly, to the extent Plaintiffs' Title VII claims fail, so do their claims under R.C. 4112, *et seq*. *Id*.

Although plaintiffs pursuing Title VII claims do not need to plead the prima facie case, they "must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that the named defendants discriminated against them. *Roper v. City of Cincinnati Fire Dept*., S.D.Ohio No. 1:18-cv-901, 2019 U.S. Dist. LEXIS 158459, at *7 (July 12, 2019). The substantive analysis of discrimination claims under Ohio Revised Code Chapter 4112 et seq., merge with that of Title VII claims. *See Singleton v. PSA Airlines, Inc*., S.D.Ohio No. 3:19-cv-161, 2021 U.S. Dist. LEXIS 61622, at *10 (Mar. 31, 2021).

Thus, to the extent any of the arguments in this section are well taken, it disposes of Plaintiffs corresponding state law claims. *Id*.

Here, none of the eleven plaintiffs make allegations to meet this standard.

### 1. Count I must be dismissed as Plaintiffs do not allege any viable hostile work environment claims because the alleged conduct was neither severe nor pervasive.

Count I alleges a hostile work environment in violation of Title VII and R.C. 4112, *et seq*. (Compl., ECF: # 1, PageID: # 17-19). A hostile work environment is created "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment -- an environment that a reasonable person would find hostile or abusive -- is beyond Title VII's purview." *Fisher v. Fuyao Glass Am., Inc.*, S.D.Ohio No. 3:18-cv-405, 2020 U.S. Dist. LEXIS 1596, at *6 (Jan. 3, 2020) (quoting *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)).

"When the factual allegations in the Complaint are insufficient to state a plausible claim for relief, courts have not hesitated to dismiss hostile work environment claims under Fed. R. Civ. P. 12(b)(6) or 12(c)." S*ee Fisher v. Fuyao Glass Am., Inc*., S.D.Ohio No. 3:18-cv-405, 2020 U.S. Dist. LEXIS 1596, at *8 (Jan. 3, 2020); *See also, Woodson v. Holiday Inn Express,* No. 18-1468, 2018 U.S. App. LEXIS 28272, 2018 WL 5008719 (6th Cir. Oct. 4, 2018) (affirming judgment on the pleadings where plaintiff alleged only two instances of racially harassing conduct); *Carlisle v. Staffing Solutions Southeast, Inc*., No. 1:16-CV-334, 2017 U.S. Dist. LEXIS 79353, 2017 WL 2274995 (E.D. Tenn. May 24, 2017) (granting judgment on the pleadings where plaintiff alleged only two incidents of racially discriminatory comments).

Here, three of the eleven Plaintiffs allege isolated incidents/comments by McFadden to establish their hostile work environment claims. To be sure, no Plaintiffs allege that Defendants Ginther, Clark, Pettus, Sarff, Bourke, nor McHenry, made any comments or otherwise took actions to create a hostile environment. And the cited allegations of a hostile work environment are insufficient to plead a claim against the City of Columbus based on McFadden's conduct. Indeed, only three Plaintiffs allege any specific conduct.

Plaintiff Tate alleges a single instance, where McFadden advised him that he would receive a more favorable review because she did not believe in "black on black" crime. (Compl., ECF: # 1 at PageID: #10, ¶ 34). Plaintiff Morefield alleges two instances. First, where McFadden told him that "his white friends" were unhappy with him because he married a white woman and warned him that those friends still just saw him as a "dumb nig*a" and would treat him as such. (*Id*. at PageID: # 11, ¶ 39). He also alleges that McFadden made comments admonishing black officers by stating that they were being a "white type" and describing people in interracial marriages as "white woman lover(s)". (*Id*. at ¶ 40). Plaintiff Johnson alleges meetings where McFadden would tell him that "(black) officers have to stick together" and that "(white) officers on 13 precinct aren't your brothers." (*Id*. at PageID: # 13, ¶ 45).

These isolated incidents do not support a hostile work environment claim. S*ee Fisher v. Fuyao Glass Am., Inc*., S.D.Ohio No. 3:18-cv-405, 2020 U.S. Dist. LEXIS 1596, at *8 (Jan. 3, 2020). The remaining allegations vaguely allege McFadden created a hostile work environment without pleading further specific instances of conduct. These conclusory allegations are likewise insufficient. *Id*. As such, all hostile work environment claims contained in Count I should be dismissed.

> **2. Counts II and III must be dismissed because Plaintiffs do not allege adverse employment actions sufficient to support discrimination or retaliation claims.**

Count II alleges racial discrimination under Title VII and R.C. 4112. (Compl., ECF: # 1, PageID: # 19-22). Count III alleges retaliation in violation of the same statutes. (Id. at PageID: #22-24). A discrimination claim under Title VII requires an adverse employment action. *Stewart v. Esper*, 815 F.App'x 8, 16 (6th Cir.2020). So does a retaliation claim. *Id.* "An adverse employment action "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Freeman v. Potter*, 200 F.App'x 439, 442 (6th Cir.2006). Such action usually "inflicts direct economic harm." *Id*. at 762. An employment action must amount to "a materially adverse change" in the terms or conditions of employment to be actionable. The action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities."

Not all Plaintiffs even allege they suffered adverse employment actions. And those that do, allege unactionable items. Plaintiff Tate alleges he received a *more favorable* review because of his race. (Compl., ECF: # 1 at PageID: #10, ¶ 34). Even a *negative* review is only actionable under limited circumstances, where it is used in a subsequent decision to alter the terms of employment. *Reeves v. Case W. Res. Univ*., No. 1:07-CV-1860, 2009 U.S. Dist. LEXIS 90308, at *51-53 (N.D. Ohio Sep. 30, 2009). It follows that the more favorable review cited here is unactionable. Having alleged no adverse employment action, Plaintiff Tate's discrimination and retaliation claims should be dismissed.

Plaintiff Morefield voluntarily transferred out of Zone 2 as a result of McFadden's conduct. (*Id*. at PageID: #11, ¶ 41). A voluntary transfer is not an adverse employment action unless the new position is so "objectively intolerable to a reasonable person" that is constitutes a constructive

11

discharge. *Vaughn v. Dawn Food Prods.*, E.D.Mich. No. 2:18-CV-11491-TGB, 2020 U.S. Dist. LEXIS 154114, at *18 (Aug. 25, 2020). Having alleged no facts about his new position, Plaintiff's Morefield's discrimination and retaliation claims should be dismissed.

Plaintiff A. Kasza alleges she was not selected to sit on a new officer selection board. (*Id*. at PageID: #13, ¶ 55). The non-selection for unpaid special assignments or training opportunities does not constitute an adverse employment action. *See Gorbe v. City of Lathrup Village*, E.D.Mich. No. 17-11782, 2021 U.S. Dist. LEXIS 76566, at *3 (Apr. 21, 2021) (citing *Lindsey v. Whirlpool Corp.*, 295 F. App'x 758, 768 (6th Cir. 2008)).

As outlined above, the adverse actions alleged by the three Plaintiffs are insufficient as a matter of law to support discrimination or retaliation claims. The remaining Plaintiffs fail to plead any adverse actions. As such, the discrimination and retaliation claims alleged in Counts II and III should be dismissed.

### 3. Count V must be dismissed because Plaintiffs fail to plead any viable claim under R.C. § 4112.02(J).

Count V alleges that the individually named Defendants aided and abetted unlawful discrimination in violation of R.C. § 4112.02(J). (Compl., ECF: # 1, PageID: # 26-27). Under Ohio law, an individual is an aider and abetter if he "knowingly does something which he ought not to do ... which assists or tends in some way to affect the doing of the thing which the law forbids." *Luke v. City of Cleveland*, 2005 U.S. Dist. LEXIS 49630, 2005 WL 2245187 at * 8 (N.D. Ohio Aug. 22, 2005) (*citing State v. Stepp*, 117 Ohio App. 3d 561, 568, 690 N.E.2d 1342 (Ohio Ct. App. 1997) (interpreting § 4112.02(J)).

Here, Plaintiffs vaguely allege these Defendants failed in executing certain policies and adequately disciplining McFadden. (*See generally,* Compl., ECF: # 1). No allegations meet the requirements of establishing that any of the Defendants "knowingly" assisted in a violation of the

12

law. Again—if anything, refraining from further discipline against McFadden stopped violations of the law, as a jury found in her lawsuit. *See Melissa McFadden v. City of Columbus*, Case No. 2:18-cv-00544. As such, the claims under R.C. § 4112.02(J) should be dismissed.

### D. Plaintiffs' claims asserted pursuant to §§ 1983; 1985; and 1986 in Counts IV, VI, and VII respectively are barred as a matter of law.

Count IV alleges Equal Protection violations under § 1983 related to Plaintiffs' public employment. (Compl., ECF: #1 at PageID: #24-26). Additionally, Counts VI and VII allege conspiracy to violate their civil rights under § 1985(1) and neglect to prevent the violation of their rights under § 1986, respectively. (*Id.* at PageID: # 27-29). All of the constitutional claims fail on threshold issues.

In a § 1983 discrimination case, the plaintiff must prove that "the employer made an adverse employment decision with a discriminatory intent and purpose. *Yerkes v. Ohio State Hwy. Patrol*, 6th Cir. No. 22-3030, 2022 U.S. App. LEXIS 35260, at *12 (Dec. 19, 2022). Substantively, courts analyze § 1983 public employment claims in a similar manner as Title VII discrimination claims. *See, e.g., Weberg v. Franks*, 229 F. 3d 514, 522 (6th Cir. 2000). To the extent the Court reaches the substance of these claims, they fail for the same reasons Plaintiff's Title VII claims do. (*See infra*, at Section VI(C)). However, as outlined below, the Court need not reach the substance of these claims.

#### 1. Plaintiffs' constitutional claims as plead in Counts IV, VI, and VII are time-barred.

Plaintiffs' § 1983 claims are governed by a two-year statute of limitations. *Fulmer v. Myers*, S.D.Ohio No. 2:16-CV-79, 2016 U.S. Dist. LEXIS 105605, at *9 (Aug. 10, 2016) (Noting that while "42 U.S.C. § 1983 does not impose a particular limitations period, the Court applies the 'general' or 'residual' state statute of limitations applicable to tort and personal injury claims, which in Ohio is two years). Conspiracy claims plead under Sections 1983; 1985; and 1986 have the same two-year

statute of limitations and begin accruing from the "last discreet act" described in the conspiracy. *Easterly v. Budd*, N.D.Ohio No. 4:06 CV 00186, 2006 U.S. Dist. LEXIS 58170, at *50 (Aug. 16, 2006)

Here, the claims are time-barred. The § 1983 claim is predicated on McFadden's alleged treatment of Plaintiffs when she was their patrol lieutenant—actions all alleged to have occurred in **2016-2017**. (*See* Compl., ECF #1 at PageID: #10-15). These claims are time-barred on their face. And there are only two dates after 2017 that appear in Plaintiffs' Complaint. Neither revive these stale claims.

First, Plaintiffs allege that an internal investigation into McFadden's conduct took place beginning in 2017 and concluded on February 9, 2018. (Compl., ECF: #1 at PageID: #12, ¶ 57). Second, Plaintiffs allege McFadden released a book in September 2020. (*Id*. at PageID: #15, ¶ 70). Even if this Court found either of those allegations sufficiently allege a § 1983 claim (or to be the last discreet act in a conspiracy), they are still time-barred. Using the latest date, the book's release, any § 1983 claims must have been filed in September 2022. Instead, the instant Complaint was filed on February 1, 2023.

As such, the claims are time-barred and must be dismissed. *See Fulmer*, 2016 U.S. Dist. LEXIS 105605, at *9. As such, the constitutional claims alleged in Counts IV, VI and VII should be dismissed.

14

### 2. **Even if the Court considers the untimely causes of action, Count VI must be dismissed because Plaintiffs' do not allege Defendants personally participated in any deprivation.[4]**

To succeed on the individual capacity § 1983 claims, plaintiffs "must demonstrate personal involvement of each Defendant in causing [their] injury." *Kessling v. Ohio State Univ.*, S.D.Ohio No. 2:20-cv-1719, 2022 U.S. Dist. LEXIS 211191, at *47-48 (Nov. 21, 2022). In the supervisory context, a plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Id*. To be clear, "supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999).

Even when read most generously, a detailed review of the Complaint shows that the only allegations against these Defendants are <u>failures to act</u>—not that any of them personally participated in *any* deprivation. The Complaint is devoid of any allegation that Mayor Ginther discriminated against, retaliated against, or harassed these Plaintiffs. Instead, it alleges he failed to act, including that he failed to discipline McFadden (ECF: 1 at PageID: #14, ¶ 62); he failed to stop McFadden from public disparagement, attacks, and retaliation against Plaintiffs (*Id*. at PageID: #15, ¶ 69); he failed to protect Plaintiffs against retaliation or address McFadden's alleged policy violations (*Id*. at ¶ 71); failed to investigate policy violations (*Id*. at ¶ 72); and failed to take action to stop McFadden's conduct. (*Id*. at ¶ 97). None of these allegations are actionable under § 1983. *See Bass*, 167 F.3d 1041, 1048.

---

[4] Plaintiffs bring "official capacity" claims against Mayor Ginther, Safety Director Clark, and Mr. Sarff. (Compl., ECF: #1 at PageID: #7). It is well-settled that official capacity claims under § 1983 are not cognizable. *Kessling v. Ohio State Univ.*, S.D.Ohio No. 2:20-cv-1719, 2022 U.S. Dist. LEXIS 211191, at *47 (Nov. 21, 2022). Thus, any "official capacity" § 1983 claims should be outright dismissed. *Id*.

15

The allegations against Safety Director Clark; Departmental Human Resources Officer Sarff; Deputy Director Bourke; and Former Deputy Director McHenry mirror those against the Mayor Ginther, without individualized distinction. (Compl., ECF: # 1 at PageID: #14-15, ¶¶ 71; 72; 97). There are no allegations that these Defendants discriminated against, retaliated against, or harassed these Plaintiffs. Thus, the § 1983 claims must be dismissed. *See Bass*, 167 F.3d 1041, 1048.

In addition to the same allegations outlined above, Plaintiffs allege Former Director Pettus failed to discipline McFadden—a failure to act. (ECF: #1, PageID: 14 at ¶¶ 63-65). But again, Plaintiffs do not allege that Former Director Pettus discriminated against, retaliated against, or harassed Plaintiffs. *See Bass*, 167 F.3d 1041, 1048. In short, these alleged *failures to act* are not actionable under § 1983 and therefore Count IV must be dismissed. *Kessling,* 2022 U.S. Dist. LEXIS 211191, at *47-48; *Bass*, 167 F.3d 1041, 1048.

Further, any conspiracy or neglect claim predicated on § 1983 liability must be predicated on a constitutional violation. *See Bazzi v. City of Dearborn*, 658 F3d 598, 602 (6th Cir. 2011). Because Plaintiffs do not allege any of cognizable constitutional violations to underpin the conspiracy or neglect claims, Counts VI and VII must also be dismissed *Id*.

### 3. Even if the Court finds a cognizable constitutional violation, the individual Defendants are entitled to qualified immunity.

Individual Defendants may only be held liable in damages for those actions which (1) violated a plaintiff's statutory or constitutional rights <u>and</u> (2) were *clearly established* rights at the time of the alleged violation. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As outlined above, there is no violation here. But even assuming arguendo there was one, Plaintiffs cannot meet the second prong, that any right was clearly established.

Actions are clearly established as a violation of law only if it was "sufficiently clear that **every reasonable official** would understand that what [the government official] is doing is

16

unlawful." *District of Columbia v. Wesby*, 138 S.Ct. 577, 589 (2018) (emphasis added). Put differently, "existing law must have placed the constitutionality of the officer's conduct 'beyond debate.'" *Id.* (quoting *Ashcroft v. al-Kiidd*, 563 U.S. 731, 741 (2011)). And the Supreme Court recently reinforced this high bar in back-to-back opinions, reversing Ninth and Tenth Circuit decisions denying qualified immunity. *See City of Tahlequah, Oklahoma, et al. v. Austin P. Bond, as Special Adminstrator of the Estate of Dominic F. Rollice, deceased*, 595 U.S. ___ (2021), 2021 U.S. LEXIS 5310; *Daniel Rivas-Villegas v. Ramon Cortesluna*, 595 U.S. __ (2021), 2021 U.S. LEXIS 5311.

Here, Plaintiffs cannot point to any caselaw that would place these Defendants on notice—*beyond debate*—that failing to discipline McFadden would violate their constitutional rights. If anything, the case law proved out the exact opposite—finding that disciplining McFadden violated § 1983. *See Melissa McFadden v. City of Columbus*, Case No. 2:18-cv-00544. As such, the individual Defendants are immune from the claims alleged in Counts VI, VI, and VII of Plaintiffs' Complaint.

### 4. **Plaintiffs fail to allege any viable *Monell* claim against the City of Columbus.**

As it pertains to the § 1983 claims against the City of Columbus, it is well settled that a municipality may not be held liable under a respondeat superior theory. *Biver v. Saginaw Tp. Community Schools*, 878 F.2d 1436, 1439 (6th Cir.1989). Instead, "it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983" *Id*. (quoting *Monell v. Dept. of Social Servs*., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

Here, Plaintiffs allege the opposite—that City officials refused to follow policy or address McFadden's alleged policy violations. (Compl., ECF: # 1 at PageID: #14-15, ¶¶ 63; 69; 71; 72). And

17

that is insufficient to state a claim under Monell. *See Biver*, 878 F.2d 1436, 1439. Therefore, Count VI against the City must be dismissed. Finally, Counts VI and VII do not apply to the City because the municipal entity cannot conspire or neglect. *See e.g., Fisher v. Cincinnati*, 753 F.Supp. 681, 691 (S.D.Ohio 1990). To the extent those Counts are alleged against the City of Columbus, they must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants are entitled to judgment as a matter of law, and thus, should be granted judgment on the pleadings.

Respectfully submitted,

/s/ *Melvin J. Davis* _____
Melvin J. Davis (0079224)
Thomas N. Spyker (0098075
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
(614) 228-1311; FAX (614) 232-2410
e-mail:  mdavis@reminger.com
         tspyker@reminger.com
*Attorney for Defendants City of Columbus, Andrew Ginther, Robert Clark, Ned Pettus, Douglas Sarff, Kathleen Bourke and Courtney McHenry*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via the Court's e-filing system this 29th day of March 2023, to all counsel of record:

Zachary Gottesman, Esq.
404 East 12th Street
Cincinnati, Ohio 45202
zg@zgottesmanlaw.com

Christopher Wiest, Esq.
25 Town Center Blvd., Suite 104
Crestview Hills, KY 41017
chris@cwiestlaw.com

Robert J. Thumann, Esq.
404 E. 12th Street, 2nd Floor
Cincinnati, Ohio 45202
thumann@ctlawcincinnati.com

Thomas B. Bruns, Esq.
4750 Ashwood Drive, Suite 200
Cincinnati, Ohio 45241
tbruns@bcvalaw.com

Robb S. Stokar, Esq.
404 East 12th Street, 1st Floor
Cincinnati, Ohio 45202
rss@stokarlaw.com
*Attorneys for Plaintiffs*

Yazan S. Ashrawi, Esq.
Kaitlin L. Madigan, Esq.
FROST BROWN TODD LLP
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
yashrawi@fbtlaw.com
kmadigan@fbtlaw.com
*Counsel for Defendant Melissa McFadden*

    */s/ Melvin J. Davis*_____
    Melvin J. Davis (0079224)
    Thomas N. Spyker (0098075)