# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Andre Tate, *et al.*, | : | |
| | : | Case No. 2:23-cv-00492 |
| Plaintiffs, | : | |
| | : | Judge Michael H. Watson |
| vs. | : | |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| City of Columbus, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS ANDREW GINTHER, ROBERT CLARK, NED PETTUS, DOUGLAS SARFF, KATHLEEN BOURKE COURTNEY MCHENRY, THE CITY OF COLUMBUS' MOTION TO DISQUALIFY

Defendants Andrew Ginther, Robert Clark, Ned Pettus, Douglas Sarff, Kathleen Bourke, Courtney McHenry, and the City of Columbus (collectively, "Defendants"), by and through counsel, respectfully move this Court for an Order disqualifying Attorney Jennifer Knight from representing the Plaintiffs in this matter. Ms. Knight is a material witness to the underlying facts, and thus precluded from advocating on behalf of Plaintiffs in this matter.

Respectfully submitted,

/s/ *Thomas N. Spyker*
Melvin J. Davis (0079224)
Thomas N. Spyker (0098075
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; FAX (614) 232-2410
e-mail: mdavis@reminger.com
tspyker@reminger.com
*Attorney for Defendants City of Columbus,*
*Andrew Ginther, Robert Clark, Ned Pettus,*
*Douglas Sarff, Kathleen Bourke and*
*Courtney McHenry*

**MEMORANDUM IN SUPPORT**

**I.  INTRODUCTION**

Attorney Jennifer Knight is arguably the most important non-party witness in this case. Unquestionably, she is a necessary witness, precluding her from advocating on behalf of these Plaintiffs. Before practicing law, Ms. Knight was employed by the Columbus Police Department ("CPD"), commanding its Internal Affairs Bureau ("IAB") in 2016. Ms. Knight was relieved from her command of the IAB, in part, because of a complaint Ms. McFadden reported up the chain of command, alleging Ms. Knight made inappropriate comments about an open IAB investigation.

Then, in 2018, Ms. McFadden litigated the same underlying facts that are currently presented in the matter sub judice.  In that lawsuit, Ms. McFadden alleged that Ms. Knight and others orchestrated an unlawful and retaliatory internal investigation and reassignment.  (*McFadden v. City of Columbus*, Case No. 2:18-cv-544, ECF No. 2, PageID 13). Ms. Knight is referenced twelve (12) times in that complaint.  (*See generally*, ECF No. 2).  Ms. McFadden specifically alleged that Ms. Knight directed another CPD supervisor to approach officers—*including the named Plaintiffs here*—and solicit information for the purposes of contriving a complaint against Ms. McFadden designed to "run" her out of the department.  (*Id*. at ¶38).

The IAB complaint against Ms. McFadden, that Ms. Knight allegedly orchestrated, ultimately resulted in a reassignment and proposed discipline. Ms. McFadden internally appealed the discipline and litigated her reassignment in this Court. She prevailed on both fronts. Unsatisfied that Ms. McFadden was reinstated, now, these Plaintiffs seek to litigate those same facts, but this time with Ms. McKnight serving as counsel.  Specifically, these Plaintiffs allege the Defendants did not do enough to address their complaints about Ms. McFadden's conduct.

Without question, a key focus in this case will be Ms. Knight's role regarding the underlying complaints against Ms. McFadden that form the basis of Plaintiffs' current lawsuit. As such, Ms. Knight must be disqualified from all phases of the litigation under the advocate-witness rule.

## II. FACTUAL BACKGROUND

### A. Background of Attorney Jennifer Knight's involvement in this matter.

On March 30, 2023, the Court held a telephonic status conference to discuss the scheduling order and pending dispositive motions. (*See generally*, 3/30/2023 Minute Entry). During the conference, the Court took an oral roll call of those in attendance. Among the attorneys entering an oral appearance for Plaintiffs was Ms. Knight. The Court noted that it did not have Ms. Knight on its list of attorneys having appeared in the matter. Nothing more was discussed regarding Ms. Knight's appearance during the March 30th conference.

On April 4, 2023, Attorney Thomas Spyker, emailed chambers regarding Ms. Knight's oral appearance and raised the issue that Ms. Knight had a conflict in representing these Plaintiffs. (*See* Email to Chambers, attached as Exhibit A). Prior to her oral appearance, Defendants were unaware of Ms. Knight's participation in the matter. (*Id*). That same day, the Court noticed a conference set for April 12, 2023, to discuss the concerns raised by defense counsel. (*See* Notice of Hearing, ECF No. 23).

On April 12, 2023, an initial conference on the conflict issue was conducted. (*Id*.). Mr. Spyker briefly outlined Defendants' concerns stemming from the role Ms. Knight, a former CPD supervisor, played in the underlying facts of this case. Those concerns are fully outlined below. Attorney Zachry Gottesman briefly explained that Ms. Knight was an associate in his office, and not yet admitted to the federal bar, which is why she had not formally appeared. Mr. Gottesman further explained that Ms. Knight's admission and formal appearance would be forthcoming and that she is

2

his only associate and he relies on Ms. Knight for work on this specific case. Mr. Gottesman and Ms. Knight generally maintained there was no conflict. After the brief discussion, the Court ordered Defendants to outline their position in a Motion. (*See* 4/12/2023 Minute Entry).

### B. The facts at issue in this case overlap indistinguishably with a 2018 lawsuit filed by Defendant Melissa McFadden.

To provide context, the Plaintiffs in this case generally allege that Ms. McFadden engaged in discriminatory and harassing conduct in 2016-2017 when she was a Patrol Lieutenant assigned to Zone 2, a geographical area of the city patrolled by the Division of Police. (*See* Compl., ECF No. 1, PageID 9, ¶¶ 30-47). Plaintiffs further allege that the City became aware of these issues, initiated an investigation, but ultimately failed to issue appropriate discipline against Ms. McFadden, instead reinstating her. (*Id*. at PageID 14-15, ¶¶ 58-70).

Unmentioned in Plaintiffs' Complaint is the 2018 lawsuit filed by Ms. McFadden against the City over these same underlying facts in which she challenged the actions the City took against her. (*McFadden v. City of Columbus*, Case No. 2:18-cv-544, ECF No. 2, PageID 13) (hereinafter "*McFadden*"). The gravamen of the 2018 lawsuit was that Ms. Knight directed Ms. McFadden's supervisor, Commander Rhonda Grizzell, to solicit complaints from rank-and-file officers—including from the named Plaintiffs here—to generate a contrived and retaliatory internal EEO complaint designed to "run" her out of the department. (*McFadden*, Case No.2:18-cv-544, ECF No.2 at PageID 17, ¶¶ 27-29; PageID 18, ¶¶ 31-38; PageID 20, ¶ 54).

### C. Ms. Knight was a key figure in Ms. McFadden's 2018 lawsuit and her conduct at issue in the 2018 case is again at issue here.

The relevant background of *McFadden* and this lawsuit begins in the Fall of 2016, when Ms. McFadden, in her capacity as a union representative, represented an African American female officer, in her defense against a complaint of insubordination and failure to follow the chain of

3

command. (*McFadden*, Case No.2:18-cv-544, Opinion and Order, ECF No. 8, PageID 5294). Ms. McFadden assisted that officer in filing a charge of discrimination against Sergeant Kyle Fishburn, who had accused the officer of insubordination. (*Id*.). According to Sergeant Christopher Smith-Hughes, he overheard Sgt. Fishburn discuss the complaint with Ms. Knight, who told Sgt. Fishburn "you don't have to worry about that. I'll handle that. It won't go anywhere." (*Id*.). The conversation reached then Chief of Police Kimberly Jacobs and played a role in Chief Jacobs' decision to relieve Ms. Knight from command of the IAB and reassign her to a different patrol zone. (*Id*. at Jacobs Dep., ECF No. 35-5, PageID 2029). Around the same time Ms. Knight was reassigned, Cmdr. Grizzel was reassigned to Zone 2, and became Ms. McFadden's direct supervisor. (*McFadden,* Case No.2:18-cv-544, Compl., ECF No. 4, PageID 18, ¶¶ 31-38).

On June 4, 2018, Ms. McFadden filed her lawsuit alleging that Ms. Knight and Cmdr. Grizzel were "close friends." (*Id.*). Ms. McFadden further alleged that Cmdr. Grizzell was directed by Cmdr. Knight to speak with officers who had left Patrol Zone 2 in order to solicit complaint[s] against [her]" (*Id*. at PageID 20, ¶ 54). As a result of the allegedly solicited complaints, Ms. McFadden further alleged Cmdr. Grizzell initiated an internal EEO complaint against her. (*Id*., ¶ 56). Ms. McFadden further alleged that as a result of the EEO complaint, she was stripped of her supervisory and assigned the property room. (*Id*. at PageID 21).

The underlying *McFadden* record is extensive. Seventeen depositions were taken and filed. (*See Generally*, Notices of Filing, *McFadden*, Case No.2:18-cv-544 ECF, No. 33; 34; 35). **Ms. Knight was among the McFadden deponents**. (*Id*. at ECF No. 35-7). Three of the Plaintiffs in this instant matter were also deposed. (*Id*. at A. Johnson Depo., ECF No. 35-6; L. Morefield Depo., ECF No. 35-9; A. Tate Depo., ECF No. 35-12.). Several of Ms. McFadden's claims survived summary judgement. (*See McFadden*, Case No.2:18-cv-544, ECF No. 48, Opinion and Order). Specifically,

4

Judge Sargus ruled that a jury could determine that the timing of Ms. Knight's reassignment out of the IAB and the investigation into Ms. McFadden were evidence of retaliation. (*Id*. at PageID 5312). Ultimately, the case was tried, and a jury returned a verdict finding in favor of Ms. McFadden. (*Id*., Jury Verdict Forms, ECF No. 104).

### III. LEGAL STANDARD

The power to disqualify an attorney from a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." *Nilavar v. Mercy Health Sys*., 143 F.Supp.2d 909, 912 (S.D.Ohio 2001) (internal quotation omitted). A motion to disqualify "is the proper method for a party-litigant to bring an issue of conflict of interest or breach of an ethical duty to the court's attention." *Cabatech, LLC v. Nextlight, LLC*, S.D.Ohio No. 1:22-cv-59, 2023 U.S. Dist. LEXIS 52432, at *5 (Mar. 27, 2023).

Generally, in deciding whether counsel should be disqualified, the Sixth Circuit has set forth a three-factor balancing test that the court must consider: "(a) the interest of the public in the proper safeguarding of the judicial process; (b) the interest of the defendants; and (c) the interest of the plaintiffs." *Id*. (quoting *Gen. Mill Supply Co. V. SCA Servs., Inc*., 697 F.2d 704, 711 (6th Cir. 1982)). However, in certain cases involving the Rules of Professional Conduct, courts look at rule specific tests and analysis to guide them. *See generally*, *Whitacre v. Nations Lending Corp*., N.D. Ohio No. 5:19CV809, 2019 U.S. Dist. LEXIS 126869, at *3 (July 30, 2019).

This Court turns to the Ohio Rules of Professional Conduct when looking at disqualifications based on professional conduct rules. *See Nat'l Union Fire Ins. Co. v. Alticor, Inc*., 466 F.3d 456,457 (6th Cir. 2006), vacated in part on other grounds, 472 F.3d 436 (6th Cir. 2007). ("The conduct of attorneys admitted to practice before this Court . . . is governed by the Model Federal Rules of Disciplinary Enforcement,' which in turn provides that this Court abides by the code of professional

5

conduct adopted by the highest court of the state in which this Court sits."); *see also*, *Miller v. Food Concepts Int'l, LP*, No. 2:13-cv-124, 2015 U.S. Dist. LEXIS 141147, at *24 (S.D. Ohio Oct. 16, 2015) (citing S.D. Ohio Civ. R. 83.3(h)).

IV. **ARGUMENT**

    A. **Ms. Knight's representation of these Plaintiff's violates the advocate-witness rule embodied by Rule 3.7(a) of the Ohio Rules of Professional Conduct.**

Generally, the "advocate-witness" rule prohibits an attorney from acting in a dual capacity as both an advocate and witness for their client. *See generally, United States v. Poulsen*, S.D.Ohio No. CR2-06-129, 2006 U.S. Dist. LEXIS 68214, at *22 (Sep. 12, 2006) ("Since the roles of advocate and witness are typically inconsistent, "it is generally inappropriate for a trial attorney to testify on behalf of [a] client."); *see also*, *Whitacre v. Nations Lending Corp.*, N.D.Ohio No. 5:19CV809, 2019 U.S. Dist. LEXIS 126869, at *3 (July 30, 2019).

This Court turns Ohio Rule of Professional Conduct 3.7 when analyzing conflicts created by a lawyer's role as a witness in the underlying matter. *Cabatech, LLC v. Nextlight, LLC*, S.D.Ohio No. 1:22-cv-59, 2023 U.S. Dist. LEXIS 52432, at *6 (Mar. 27, 2023). Relevantly, Ohio Rule of Professional Conduct 3.7 states that:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> > (1) the testimony relates to an uncontested issue;
> > (2) the testimony relates to the nature and value of legal services rendered in the case;
> > (3) the disqualification of the lawyer would work substantial hardship on the client.

*Id*. (quoting Ohio R. Prof'l Conduct 3.7). The moving party bears the initial burden of showing the attorney is a necessary witness. *Whitacre*, 2019 U.S. Dist. LEXIS 126869, at *4. But the burden shifts to the nonmoving party to prove one of the exceptions applies.

6

### 1. Ms. Knight is a necessary witness.

Under Ohio. R. Prof. Conduct 3.7(a), a necessary witness is someone whose proposed testimony is "relevant and material" to the determination of the issues being litigated and such testimony is unattainable elsewhere." *Williamson v. Recovery Ltd. Partnership*, S.D.Ohio No. 2:06-CV-292, 2011 U.S. Dist. LEXIS 66801, at *9 (June 22, 2011) (internal quotation omitted); *see also Whitacre,* 2019 U.S. Dist. LEXIS 126869, at *3.

Here, Ms. Knight's testimony is relevant, material, and unavoidable. As outlined above, in 2018, Ms. McFadden alleged that the only reason she was investigated in 2016-2017 was because Ms. Knight directed Cmdr. Grizzel to approach rank-and-file officers—including the Plaintiffs in this lawsuit—and solicit facts sufficient to support what she believed was a sham process. (*See McFadden*, Case No. 2:18-cv-0054, ECF No. 2, PageID 17, ¶¶ 27-29; PageID 18, ¶¶ 31-38; PageID 20, ¶ 54). In other words, Ms. McFadden alleged that the same complaints these Plaintiffs are currently asserting in this lawsuit were contrived at the direction of Ms. Knight in an act of unlawful retaliation.

To the extent the jury verdict in *McFadden* did not already close the book on these issues, Ms. Knight must testify (again) as to that allegation. Undoubtedly, Defendants will need to depose Ms. Knight about her knowledge and role in soliciting the allegations that form the basis of Plaintiffs' claims. Ms. Knight's role, and ultimately determinations about her credibility are evidence that cannot be obtained from any other source. As such, Ms. Knight must be precluded from representing these Plaintiffs under the advocate-witness rule. *See Williams*, 2011 U.S. Dist. LEXIS 66801, at *9; *Whitacre,* 2019 U.S. Dist. LEXIS 126869, at *3.

### 2. Ms. Knight's conflict precludes her from participating in pretrial activities.

During the informal conference on this issue, Attorney Gottesman suggested there may be precautions for trial, but that Ms. Knight could participate in pretrial activities. Not so. The Sixth Circuit has held that disqualification under the advocate-witness rule extends to all phases of the litigation, noting that it is unlikely the drafters of the rule "intended that a lawyer could retain control of everything but the literal trial before the jury merely by shielding [themselves] from awareness that he would be a necessary witness." *Gen Mill Supply Co.*, at 716. (Interpreting the advocate-witness rule under ABA Disciplinary Rules 5-101 and 5-102). The Sixth Circuit aptly observed that "the ultimate 'trial' is connected as a seamless web to the ascertainment of issues at the pretrial proceedings, and particularly to the discovery depositions." *Id*.

Although the version of the rule interpreted by *General Mill* has been described as a "harsher" version than that contained in Ohio. R. Prof. Conduct 3.7(a), this District has extended *General Mill's* full disqualification logic to that rule. *See Hood v. Midwest Savs. Bank*, S.D.Ohio Case No. C2-97-218, 2001 U.S. Dist. LEXIS 24512, at *12 (Mar. 22, 2001) (applying *General Mill* to disqualify an attorney from all phases of the litigation); *see also Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 253 F. Supp. 3d 997, 1018 (S.D.Ohio 2015) ("most courts recognize that an attorney who intends to testify at trial may not participate in "any pretrial activities which carry the risk of revealing the attorney's dual role to the jury") (collecting cases).

Moreover, numerous Ohio appellate districts have endorsed the full disqualification called for in *General Mill*. *See Libbey-Owens-Ford Co. v. Martin*, 10th Dist. Franklin No. 96APE02-215, 1996 Ohio App. LEXIS 3930, at *24 (Sep. 12, 1996) (trial court did not abuse its discretion applying General Mill to disqualify counsel from all phases of the litigation); *Reo v. Univ. Hosps. Health Sys.*, 2019-Ohio-1411, 131 N.E.3d 986, ¶ 90 (11th Dist.).

As such, Ms. Knight should be disqualified from representing Plaintiffs during all phases of the litigation, not just trial. This Court should also impose measures to ensure that Ms. Knight is not participating or directing litigation behind the scenes.

### 3. No Rule 3.7(a) exception applies.

Although it is Plaintiffs' burden to show one of the 3.7(a) exceptions apply, these are easily dismissed. The first two 3.7(a) exceptions are entirely inapplicable here. First, Ms. Knight's testimony does not relate to uncontested matters. Second, the testimony does not have to do with the value of legal services. Turning to the third and final exception, Plaintiffs will not suffer any undue hardship by the disqualification. This matter is in its earliest stages, where no discovery has been conducted. Further, the docket reveals that Plaintiffs are represented by no less than four additional attorneys untouched by this conflict.

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Ms. Knight be disqualified from participating at all stages in this case. Further, to the extent attorneys from Gottesman and Associates continue to participate, Defendants respectfully request adequate assurances that appropriate firewalls have been created and that Ms. Knight does not have access to file materials nor continue to engage in the fringe of the case as an employee of the firm.

Respectfully submitted,

<u>/s/ *Thomas N. Spyker*</u> _____
Melvin J. Davis (0079224)
Thomas N. Spyker (0098075
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
(614) 228-1311; FAX (614) 232-2410
e-mail:  mdavis@reminger.com
          tspyker@reminger.com
*Attorney for Defendants City of Columbus, Andrew Ginther, Robert Clark, Ned Pettus, Douglas Sarff, Kathleen Bourke and Courtney McHenry*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via the Court's e-filing system this 26th day of April 2023, to all counsel of record:

Zachary Gottesman, Esq.
404 East 12th Street
Cincinnati, Ohio 45202
zg@zgottesmanlaw.com

Christopher Wiest, Esq.
25 Town Center Blvd., Suite 104
Crestview Hills, KY 41017
chris@cwiestlaw.com

Robert J. Thumann, Esq.
404 E. 12th Street, 2nd Floor
Cincinnati, Ohio 45202
thumann@ctlawcincinnati.com

Thomas B. Bruns, Esq.
4750 Ashwood Drive, Suite 200
Cincinnati, Ohio 45241
tbruns@bcvalaw.com

Robb S. Stokar, Esq.
404 East 12th Street, 1st Floor
Cincinnati, Ohio 45202
rss@stokarlaw.com
*Attorneys for Plaintiffs*

Yazan S. Ashrawi, Esq.
Kaitlin L. Madigan, Esq.
FROST BROWN TODD LLP
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
yashrawi@fbtlaw.com
kmadigan@fbtlaw.com
*Counsel for Defendant Melissa McFadden*

        */s/ Melvin J. Davis*_____
        Melvin J. Davis (0079224)
        Thomas N. Spyker (0098075)