IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Andre Tate, *et al.*, | : | Case No. 2:23-cv-00492 |
| | : | |
| Plaintiffs, | : | Judge Michael H. Watson |
| | : | |
| v. | : | |
| | : | |
| City of Columbus, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM CONTRA TO DEFENDANTS MOTION TO DISQUALIFY WITH DECLARATION OF JENNIFER KNIGHT IN SUPPORT**

Plaintiffs, Andre Tate, Levon Morefield, Anthony Johnson, Frank Miller, Bryan Mason, Trent Taylor, Lee Hurst, Paul C. Tobin, Amanda Kasza, Jeff Kasza, Alex Mottinger, and Brian Steel (herein collectively "Plaintiffs"), by and through counsel, respectfully moves the court to deny Defendants' motion to disqualify counsel.  The factual predicate of the motion is wrong: Attorney Jennifer Knight is not a material witness to underlying facts.  But even if she were, the law does not support her removal as Plaintiffs' chosen counsel in this matter.

Respectfully submitted,

*/s/ Zachary Gottesman*
Zachary Gottesman (0059675)
Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, OH 45202
zg@gottesmanlaw.com
Phone: 513.651.2121
Fax: 513.225.8997

/s/ Christopher Wiest_____
Christopher Wiest (0077931)
Chris Wiest, Atty at Law, PLLC

1

25 Town Center Blvd, Suite 104<br>
Crestview Hills, KY 41017<br>
513/257-1895 (c)<br>
chris@cwiestlaw.com<br>
*Counsel for Plaintiffs*

## I. **INTRODUCTION**

Jennifer Knight was a decorated, 26-year veteran of the Columbus Division of Police. She ascended the ranks to become only the second female ever to be appointed to the position of Deputy Chief of Police. Ms. Knight also worked her way through law school while serving the City of Columbus, before recently retiring to pursue a career in law. As a career law enforcement officer, it was her goal to continue to represent the men and women that serve, and she accepted a position that utilizes her unique perspective and experience in representing these clients. Ms. Knight is an associate at Gottesman & Associates and is an important member of the litigation team selected by the Plaintiffs.

Defendants make numerous allegations, most of which are patently false, regarding Ms. Knight's underlying connection to a previous lawsuit filed by Defendant McFadden. Other than wild accusations and unsupported theory, Defendants provide no substantive evidence Ms. Knight is central to any part of this case. One might suppose, with such a serious motion, and such serious allegations, that Defendants might actually attach *some* evidence – a declaration – something – to support their accusations. Yet their motions are anemic in that regard.

While Ms. Knight was deposed on a previous case in her official capacity, as were 16 other individuals, (*See Generally*, Notices of Filing, *McFadden*, Case No.2:18-cv-544 ECF, No. 33; 34; 35), Ms. Knight never testified during the trial, as her connection to the previous lawsuit was tenuous and her testimony unrelated to the question before the jury. (*McFadden v. City of Columbus*, Case No. 2:18-cv-544, ECF No.106, p. 17).

Ms. Knight has never supervised nor worked directly with Ms. McFadden, Ms. Knight was not connected to the supervision of the Plaintiffs bringing this suit, nor was she present for any of the numerous discriminatory incidents that are detailed in the Plaintiffs' Complaint. Ms. Knight was not assigned to Internal Affairs during the period when Ms. McFadden was being investigated, nor was she involved in the review or adjudication of the investigation involving Ms. McFadden's conduct. Again, Ms. Knight was never shown to be a principal figure to the allegations central to Ms. McFadden's previous claim, and the issue in which she prevailed in court recovering a total verdict of $2.00 did not involve Ms. Knight.

It is true that a few issues and allegations regarding Ms. McFadden's claims on the previous case survived summary judgement. However, for all of her voluminous allegations made against the City of Columbus and numerous employees, the claims before the jury in the previous case were relegated to a single, very specific issue as follows: [Did] "the City of Columbus unlawfully (1) discriminate[d] and/or (2) retaliate[d] against her when it reassigned her to disassemble vests in the property room" while she was under investigation for multiple incidents of alleged discrimination. (*McFadden v. City of Columbus*, Case No. 2:18-cv-544, ECF No.106, p. 17). It is correct that McFadden prevailed before a jury on this narrow issue, resulting in a $2.00 award. (Case No. 2:18-cv-544, ECF No.104). However, the decision to reassign Ms. McFadden, during her Internal Affairs investigation for discrimination and harassment, was a decision that never involved Ms. Knight.

This is a simply a case where Defendants seek to remove someone that has a working knowledge of the administrative nuances and parties involved. Defendants seek to penalize Plaintiffs because they retained counsel that possesses knowledge and experience in the organization and field of employment from whence this complaint arose. Defendants seek to

challenge this insight by inflating Ms. Knight's role in a previous matter and by claiming this makes her central to a suit in which she is never mentioned. (See Plaintiffs' Complaint, Case no. 2:23-cv-00492).

## II. LAW AND ARGUMENT

### A. Disqualification of Ms. Knight is a Drastic Measure that Separates Plaintiffs from Their Counsel of Choice

Courts have made clear that motions to disqualify counsel should be considered a drastic measure because, "the ability to deny one's opponent the services of his chosen counsel is a potent weapon." *Manning v. Waring, Cox, James, Sklar & Allen,* 849 F.2d 222, 224 (6th Cir. 1988). Motions for attorney disqualification "should be viewed with extreme caution for they can be misused as techniques of harassment. *Hamrick v. Union TP.*, Ohio, 81 F. Supp. 2d 876 (S.D. Ohio 2000) quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982). Disqualification of a party's chosen lawyer, however, is a "drastic measure [that] courts should hesitate to impose except when absolutely necessary." *Kala v. Aluminum Smelting & Refining Co.* (1998), 81 Ohio St.3d 1, 6, 688 N.E.2d 258. Disqualification is absolutely necessary only if "real harm is likely to result from failing to [disqualify]." *Id.*

Courts within this circuit recognized, as in *Altenhofen v. S. Star Cent. Gas Pipeline, Inc.*, No. 4:20CV-00030-JHM, 2020 WL 6877573, at *1 (W.D. Ky. Nov. 23, 2020), that "[D]isqualification of counsel is a drastic measure that courts should be hesitant to impose except when absolutely necessary." Disqualification "separates a party from the counsel of its choice with immediate and measurable effect." *Altenhofen* quoting *Zurich Ins. Co. v. Knotts*, 52 S.W.3d 555, 560 (Ky. 2001), as amended (Aug. 29, 2001), *Jacobs v. Floorco Enterprises, LLC,* No. 3:17-CV-90-RGJ-CHL, 2020 WL 1290607, at *10 (W.D. Ky. Mar. 18, 2020) (same). Rather, "the extreme

sanction of disqualification should only be utilized when there is a 'reasonable possibility that some specifically identifiable impropriety' actually occurred, and where the public interest in requiring professional conduct by an attorney outweighs the competing interest of allowing a party to retain counsel of his choice." *Altenhofen* quoting *El Camino Res.*, 623 F. Supp. 2d at 875 (quoting *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir. 1976)); see also *Manning v. Waring, Cox, James, Sklar and Allen*, 849 F2d 222, 224 (6th Cir. 1988).

Defendants have failed to identify *any* specific impropriety which would reasonably justify the extreme sanctions courts within this circuit cautioned against in *Altenhofen.* Defendants also present no evidence beyond speculation that the presence of Plaintiffs' chosen counsel somehow will erode the judicial process. Defendants primary concern appears to lie with their belief this case is inseparable from a previous case, one whose fragile foundation was prefaced on an unsupported allegation by Ms. McFadden against Ms. Knight. A claim Ms. McFadden herself later abandoned. (*See* SDOH Case No. 2:18-cv-544, ECF No.106, p. 17).  Ms. McFadden, one of several Defendants in this case, previously brought forth allegations forming a theory that was never substantiated, on a case in which Ms. Knight never even testified at trial. If these cases are "indiscriminate" as Defendants incorrectly claim, it should be presumed Ms. Knight would not be a central figure in this case either.

The facts are as follows: a thorough investigation proved the allegations by Ms. McFadden against Ms. Knight never occurred and Ms. McFadden's claims of grand conspiracy melted away. Defendants now suggest the Court must disqualify Plaintiffs' selected counsel based only on these unproven allegations. Defendants assert as evidence the mere fact Ms. Knight is mentioned twelve times in a closed lawsuit. However, it is telling in their motion that Defendants use the term "alleged" in reference to Ms. Knights involvement in the previous case a total of ten times, as if

5

mere supposition operates as a substitute for actual evidence. Ms. McFadden unsuccessfully argued a broad conspiracy between numerous Columbus Police personnel, extending over a period of years and tying unrelated incidents to every perceived or imagined wrong. (*See* SDOH Case No. 2:18-cv-544, ECF No.1). Ms. McFadden was never able to demonstrate any connection between events or the parties involved, and she settled on arguing a single, narrow incident that involved her temporary reassignment during an investigation into her alleged critical misconduct. (*See* Case No. 2:18-cv-544, ECF No.106, p. 17).

### B. Ms. Knight's Involvement Does Not Violate Ohio Rules of Professional Conduct 3.7 and the Advocate-Witness Rule

In deciding whether counsel should be disqualified, the Sixth Circuit has set forth a three-factor balancing test that the court must consider: "(a) the interest of the public in the proper safeguarding of the judicial process; (b) the interest of the defendants; and (c) the interest of the plaintiffs." *Cabatech, LLC v. Nextlight, LLC*, S.D.Ohio No. 1:22-cv- 59, 2023 U.S. Dist. LEXIS 52432, at *5 (Mar. 27, 2023) quoting *Gen. Mill Supply Co. V. SCA Servs., Inc*., 697 F.2d 704, 711 (6th Cir. 1982). In certain cases involving the Rules of Professional Conduct, courts look at rule specific tests and analysis to guide them. *See generally*, *Whitacre v. Nations Lending Corp*., N.D. Ohio No. 5:19CV809, 2019 U.S. Dist. LEXIS 126869, at *3 (July 30, 2019).

In *Gen. Mill Supply Co.,* the Court identified the public interest as "a seemly and efficient use of judicial resources towards the just, speedy, and inexpensive remedy spoken for in Fed.R.Civ.P. 1." However, in *Gen. Mill Supply Co.,* specific evidence was produced that called into question Counsel's objectivity and the unlikely potential for cooperation throughout the litigation process. *Gen. Mill Supply Co. V. SCA Servs., Inc*., 697 F.2d 704, 711 (6th Cir. 1982).

6

Here, unlike *Gen. Mill Supply Co.,* Defendants present no such evidence Ms. Knight's service as Plaintiff's legal counsel will reduce the efficiency of the judicial process. In fact, as the only associate in a two-lawyer firm, her exclusion would present a substantial burden to Plaintiffs' counsel. Here, Defendants present no argument pointing to an unlikely potential for cooperation that would result in an inefficiency justifying such an extreme measure.

Defendants also present no evidence Ms. Knight's presence will improperly impact Defendants' representation. While Defendants present ominous and unspecific warnings, Courts declare caution as "the ability to deny one's opponent the services of his chosen counsel is a potent weapon." *Manning v. Waring, Cox, James, Sklar & Allen,* 849 F.2d 222, 224 (6th Cir. 1988). Motions for attorney disqualification "should be viewed with extreme caution for they can be misused as techniques of harassment." *Hamrick v. Union TP.*, Ohio, 81 F. Supp. 2d 876 (S.D. Ohio 2000) quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982). This request, based on supposition and unsupported allegations, has the unseemly appearance of what the Courts in *Manning*, *Hamrick* and *Freeman* cautioned against, the potential for harassment and weaponization of the process when opposing counsel possesses particular insight or experience.

Lastly, the Court must weigh the impact of removal of Plaintiff's chosen counsel against all other factors. Ms. Knight is an associate at Gottesman & Associates and is an important member of the litigation team that was selected by the Plaintiffs. Plaintiffs' selected representation does not have access to the resources available at larger firms and Ms. Knight is the single associate connected with this litigation team representing multiple Plaintiffs. The result of a disqualification would have a far greater impact on Plaintiffs' ability to seek redress, essentially tipping the balance required by *Gen. Mill Supply Co.* in favor of Defendants.

The Rules of Professional Conduct guide courts in determining a disqualification motion. *See Nat'l Union Fire Ins. Co. v. Alticor, Inc.,* 466 F.3d 456, 457 (6th Cir. 2006), and Ohio Courts turns to Ohio Rule of Professional Conduct 3.7 when analyzing conflicts created by a lawyer's role as a witness in the underlying matter. *Cabatech, LLC v. Nextlight, LLC*, S.D.Ohio No. 1:22-cv-59, 2023 U.S. Dist. LEXIS 52432, at *6 (Mar. 27, 2023). Relevantly, Ohio Rule of Professional Conduct 3.7 states:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

(3) the disqualification of the lawyer would work substantial hardship on the client.

Additionally, courts have stated "testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. * * * A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Akron v. Carter*, 942 NE 2d 409, Ohio 9th App. Dist. (2010) quoting *Mettler v. Mettler* (2007), 50 Conn.Supp. 357, 928 A.2d 631, 633.

To establish whether a lawyer is likely to be a necessary witness, the Court must first determine that the proposed testimony is material and relevant to the issues being litigated and that the evidence is unobtainable elsewhere. *See City of Akron v. Carter,* 942 N.E.2d 409, 429 (Ohio Ct. App. 2010). A necessary witness is not simply one who provides relevant or even highly useful testimony. *Whitacre v. Nations Lending Corp.,* No. 5:19-cv-809, 2019 U.S. Dist. LEXIS 126869, at *4 (N.D. Ohio July 30, 2019) (citing *City of Akron,* 942 N.E.2d at 416). Rather, "[a] finding of

necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." *City of Akron,* 942 N.E.2d at 429. "A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Id.* Thus, "[a] necessary witness is not the same thing as the `best' witness. If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness." *Puritas Metal Prods. v. Cole,* No. 7CA9255, 2008 Ohio App. LEXIS 3900, at *20 (Ohio Ct. App. Sept. 15, 2008); *Cabatech, LLC v. Nextlight, LLC*, 2023 U.S. Dist. LEXIS 52432 (SDOH 2023) (even if a witness may offer relevant testimony, or even may be the best witness on a topic, disqualification is only appropriate where no other witnesses can testify to the facts or circumstances).

Here, Defendants proclaim Ms. Knight to be a necessary witness, but present no specific facts or evidence in which they anticipate Ms. Knight will testify. By failing to identify specific matters relevant to this case, in which they believe Ms. Knight will testify, the Court is unable to weigh the significance of the matters or to determine the availability of other evidence. In fact, Defendants provide nothing more than a mere declaration of an intention to call opposing counsel as a witness. After failing to provide more than speculation, and allegations that previously failed to materialize, Defendants also provide no support this undisclosed evidence will somehow be unobtainable elsewhere.

Defendants entire motion is premised on Ms. Knight being deposed, alongside 16 other City of Columbus employees, (*See Generally*, Notices of Filing, *McFadden*, Case No.2:18-cv-544 ECF, No. 33; 34; 35) in a prior case involving different allegations and substantively different parties. It would stand to reason because Ms. Knight was not called to testify at trial, both parties

determined she was not a necessary witness to the previous action. If this action is so inherently similar as Defendants exhaustingly claim, it would be unreasonable to believe Ms. Knight has suddenly become a central figure and a necessary witness in possession of testimony unavailable elsewhere. Defendants further fail to show that the potential evidence presumed to be offered by Ms. Knight is unobtainable elsewhere. Thus, while Ms. Knight may possess some general knowledge relevant to the issues being litigated, Defendants have failed to show that such evidence is unobtainable elsewhere. In turn, Defendants lack a sufficient basis in which to request the disqualification of Ms. Knight.

Lastly, Ms. Knight is the only associate at Gottesman & Associates and is an important member of Plaintiffs' litigation team that was selected by the Plaintiffs. As previously stated, the result of a disqualification would have a far greater impact on Plaintiffs' ability to proceed and would create a substantial hardship on the client. Under Ohio Rules of Professional Conduct, Rule 3.7(a)(3) such a hardship creates an exception to this rule.

One of the things that is evident is that Rule 3.7. is a trial related rule: "shall not act as an advocate at a trial…" Courts often deny motions such as that brought by the Defendants here, at this juncture, because the disqualification rule is a trial rule, and normally can be best assessed after discovery. *Bambach v. Lapeer Cty.*, 2019 U.S. Dist. LEXIS 107671 (MIED 2019). Though, admittedly, certain pre-trial activities, namely conducting or taking of depositions, often are included in the disqualification because depositions can be read or referenced at trial. *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 253 F. Supp. 3d 997 (SDOH 2015).

### III. CONCLUSION

Defendants have attempted to inflate Ms. Knights role in a previous case in an effort to separate Plaintiffs from their counsel of choice. Defendants lack a sufficient basis in which to

request the disqualification of Ms. Knight, have failed to demonstrate Ms. Knight is a necessary witness, and have failed to identify any specific impropriety which would reasonably justify the extreme sanctions they propose. Based upon the facts, the Court must deny the Defendant's Motion to Disqualify Counsel.

                                        Respectfully Submitted,

                                        */s/ Zachary Gottesman*
                                        Zachary Gottesman (0059675)
                                        Gottesman & Associates, LLC
                                        404 East 12th Street, First Floor
                                        Cincinnati, OH 45202
                                        zg@gottesmanlaw.com
                                        Phone: 513.651.2121
                                        Fax: 513.225.8997

                                        /s/ Christopher Wiest
                                        Christopher Wiest (0077931)
                                        Chris Wiest, Atty at Law, PLLC
                                        25 Town Center Blvd, Suite 104
                                        Crestview Hills, KY 41017
                                        513/257-1895 (c)
                                        chris@cwiestlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via the Court's e-filing system this 16th day of May 2023, to all counsel of record via CM/ECF.

                                        /s/ Christopher Wiest
                                        Christopher Wiest (0077931)