# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Andre Tate, *et al.*,

      Plaintiffs,

v.

City of Columbus, *et al.*,

      Defendants.

Case No. 2:23-cv-492

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Kathleen Bourke, City of Columbus, Robert Clark, Andrew Ginther, Courtney McHenry, Ned Pettus, Jr., Douglas Sarff, and Melissa McFadden ("McFadden," collectively "Defendants") move to disqualify Attorney Jennifer Knight ("Attorney Knight") from representing Andre Tate, Lee Hurst, Anthony Johnson, Amanda Kasza, Jeff Kasza, Bryan Mason, Frank Miller, Levon Morefield, Alex Mottinger, Brian Steel, Trent Taylor, and Paul Tobin ("Plaintiffs"). ECF Nos. 24 & 25. For the following reasons, Defendants' motions are **DENIED**.

## I.

Plaintiffs are all law enforcement officers with Columbus Division of Police. Compl. ¶¶ 3–14, ECF No. 1. Plaintiffs allege that in 2016, McFadden became the patrol lieutenant for "zone 2," a geographical area on the south side of Columbus. *Id.* ¶ 30. Within a year, McFadden's supervisors had received complaints that McFadden acted in an "abusive and racially discriminatory" way towards officers working for her. *Id.* ¶ 31. In the Internal Affairs investigation that

followed ("McFadden Investigation"), Plaintiffs came forward and reported experiences of "intimidation, demeaning and racially divisive comments, disparate treatment based on race, and a hostile work environment based on race" by McFadden. *Id.* ¶ 32. After completing the investigation, Internal Affairs and the Chief of Police sustained the allegations against McFadden, including a finding that she violated civil rights employment laws. *Id.* ¶ 60.

The Chief of Police recommended that McFadden be suspended, but other city officials declined to do so. *Id.* ¶¶ 61–66. As a result, McFadden returned to a position of authority with the Columbus Division of Police. *Id.* ¶ 66. Plaintiffs allege that McFadden and the other Defendants went on to retaliate against Plaintiffs for their involvement in the McFadden Investigation. *Id.* ¶¶ 69–79. Based on these events, Plaintiffs assert several civil rights claims under state and federal laws. *Id.* ¶¶ 80–139.

Following the McFadden Investigation, McFadden brought her own lawsuit against the City of Columbus in this Court ("McFadden Action"). *See* Compl, ECF No. 2, Case No. 2:18-cv-544. Therein, McFadden alleged, among other things, that the McFadden Investigation was itself retaliation for protected activity (helping another officer file a charge of discrimination against a supervisor) and that the City of Columbus otherwise discriminated against her on the basis of race. *Id.*

Before practicing law, Attorney Knight was employed as a police officer with the Columbus Division of Police. Knight Decl. ¶ 2, ECF No. 26-1. Attorney

Knight was the Internal Affairs Commander when McFadden helped another officer file a discrimination charge against a supervisor, and she had at least one conversation with the supervisor. *See* Opinion and Order 3, ECF No. 48, Southern District of Ohio Case No. 2:18-cv-544. However, Attorney Knight was reassigned before the McFadden Investigation began. *Id.* at 4. McFadden argued that Attorney Knight was still behind much of McFadden's mistreatment, including coordinating with Attorney Knight's replacement at Internal Affairs to fabricate Plaintiffs' complaints against McFadden. See Mot. 3, ECF No. 24. Attorney Knight was not named as a defendant in the McFadden Action. *See* Compl., ECF No. 2, Case No. 2:18-cv-544.

## II.

Attorney Knight represents Plaintiffs in the case *sub judice*. Defendants argue that Attorney Knight will likely be called as a witness in this case because of her prior position with Internal Affairs and her knowledge of the facts underlying the case. Mot., ECF No. 24. Thus, Defendants argue, Attorney Knight must be disqualified from representing Plaintiffs.

Motions to disqualify are "generally disfavored," and "courts hesitate to grant them unless absolutely necessary." *Whitacre v. Nations Lending Corp.*, No. 5:19CV809, 2019 WL 3458470, at *1 (N.D. Ohio July 30, 2019) (citing cases). When ruling on a motion to disqualify, courts consider three factors: (1) "the interest of the public in the proper safeguarding of the judicial process"; (2) the "interest of the defendants"; and (3) the "interest of the plaintiffs."

*Cabatech, LLC v. Nextlight, LLC*, No. 1:22-CV-59, 2023 WL 2643795, at *2 (S.D. Ohio Mar. 27, 2023) (internal quotation marks and citation omitted).  Courts also look to the relevant state rules of professional conduct.  *See* S.D. Ohio Rules of Disciplinary Enforcement, Rule IV(B); *see also Allen v. Stark State Coll.*, No. 5:17CV2706, 2019 WL 13242989, at *2 (N.D. Ohio Oct. 4, 2019), *aff'd*, No. 19-3723, 2020 WL 4382781 (6th Cir. June 4, 2020) ("To determine if disqualification is warranted, the Court looks to [the relevant] Ohio Rule of Professional Conduct.").

Defendants argue that Attorney Knight should be disqualified because she will likely be called as a witness in this case. Ohio Rule of Professional Conduct 3.7 governs disqualification of a lawyer who may become a witness:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case;
>>
>> (3) the disqualification of the lawyer would work substantial hardship on the client.

A threshold issue is whether the challenged attorney is a *necessary* witness.  *See Whitacre*, 2019 WL 3458470, at *2; *Cabatech*, 2023 WL 2643795, at *3.  To determine whether an attorney is "likely to be a necessary witness," a court must determine whether the attorney's proposed testimony "is material and relevant to the issues being litigated" and whether the "evidence is unobtainable

elsewhere." *Cabatech,* 2023 WL 2643795, at *2–3 (citing *Akron v. Carter,* 942 N.E.2d 409, 416 (Ohio Ct. App. 2010)). To make those determinations, courts consider "the significance of the matters, weight of the testimony and availability of other evidence." *Whitacre,* 2019 WL 3458470, at *2 (internal quotation marks and citations omitted). A "party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Id.* (quoting *Akron,* 942 N.E.2d at 416). Said another way, if "the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness." *Id.* (quoting *Puritas Metal Prods. v. Cole,* No. 7CA9255, 2008 WL 4193934, at *7 (Ohio Ct. App. Sept. 15, 2008)).

Defendants' motions fail because Defendants have not shown that Attorney Knight is a necessary witness. Defendants assert that whether Attorney Knight contrived Plaintiffs' complaints against McFadden will be a central issue in this case and that Attorney Knight is the only person who can testify about her involvement in these alleged fabrications.

Although Attorney Knight may be the only one who could testify about every action she took in the relevant time frame, several other people could testify to the issue central to Defendants' theory: whether Plaintiffs' complaints are genuine or manufactured. For example, assume Defendants are correct that Attorney Knight helped Plaintiffs contrive their complaints about McFadden. If so, Plaintiffs themselves could provide ample evidence that their complaints were

fabricated. Similarly, assuming it is true that Attorney Knight coordinated with her replacement at Internal Affairs to mistreat McFadden, the replacement could provide testimony to those facts.

Certainly, having additional testimony from Attorney Knight might be helpful to Defendants, but that is not enough to disqualify her. "Testimony may be relevant and even highly useful but still not strictly necessary." *Lake Royale Landowners Ass'n v. Dengler*, No. 2022-P-0021, 2022 WL 3584076, at *3 (Ohio Ct. App. Aug. 22, 2022) (internal quotation marks and citation omitted); *see also Cabatech*, 2023 WL 2643795, at *3 ("A necessary witness is not simply one who provides relevant or even highly useful testimony" (citations omitted)).

Because Defendants have not shown that the relevant portions of Attorney Knight's proposed testimony are unobtainable from other sources, Defendants have not shown that Attorney Knight is a necessary witness (rather than a very useful one). Disqualification is thus inappropriate. *See Vinsant v. WNB Grp. LLC*, No. 1:21CV183, 2021 WL 6111741, at *4 (S.D. Ohio Dec. 27, 2021) (denying a motion to disqualify counsel in part because the challenged counsel's "proposed testimony is obtainable through other trial witnesses").

## III.

For these reasons, Defendants' motions to disqualify are **DENIED WITHOUT PREJUDICE** to re-filing if discovery reveals that Attorney Knight is a necessary witness. The Clerk shall terminate ECF Nos. 24 and 25.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**