# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Andre Tate, *et al.*, | : | |
| | : | Case No. 2:23-cv-00492 |
| Plaintiffs, | : | |
| | : | Judge Michael H. Watson |
| vs. | : | |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| City of Columbus, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs continue to run from their own allegations because what is plead in the Amended Complaint does not state any actionable claim. Plaintiffs' Memorandum Contra replays the greatest hits from the last round of briefing—a strong reliance on hyperbolic statements accompanied by citation to case law that is not relevant to the points being argued here. Plaintiffs largely ignore this Court's prior order and fail to address several dispositive arguments put forth by Defendants. At the end of the day, Plaintiffs have already been found to be a day late in pleading time barred allegations. This round of briefing confirms they are also a dollar short. All claims should be dismissed.

**I.  Count I (Hostile Work Environment) must be dismissed as Plaintiffs fail to point to any actionable allegations.**

Plaintiffs continue to rely on hyperbole and conclusory statements to support their alleged hostile work environment claims. This claim fails for a number of reasons.

**A. Title VII does not offer protection against being called a racist and Plaintiffs waived this point by not responding to it.**

To begin, Defendants argued that an allegation of being called a raciest is not actionable under Title VII. (*See* MJOP, ECF No. 69 at PageID: #635). And this makes sense, because Title VII (and its Ohio equivalent) protects from employment related conduct and harassment "based on a

protected characteristic." (*Id*. (citing *Carlisle*, 2017 U.S. Dist. LEXIS 79353 at *5). Understandably, Plaintiffs' Memo Contra does not challenge or offer any counter argument to this point. But as such, Plaintiffs concedes this point and waives all claims related to allegations that the Plaintiffs were labeled as racists. *Longino v. City of Cincinnati*, S.D.Ohio No. 1:12-cv-424, 2013 U.S. Dist. LEXIS 78249, at *16 (June 4, 2013) ("Plaintiff does not dispute the City's arguments in his brief in opposition to its motion for summary judgment. Plaintiff's failure to address this argument in his responsive brief constitutes waiver or abandonment of the claim.").

### B. This Court has already conclusively ruled against Plaintiffs' continuing violation theory.

Ignoring this Court's prior Opinion and Order, Plaintiffs argue that their Amended Complaint alleges a valid continuing violation theory for their hostile work environment claim. (*See* Memo Contra, ECF No. 657 at PageID: #657-658). Plaintiffs fail to acknowledge this Court's prior Order, which plainly rejected this theory. (Opinion and Order, ECF No. 64 at PageID: #619) ("Plaintiffs cite no caselaw that the continuing violations doctrine can save untimely hostile work environment claims when the type of hostility changes. Nor is the Court independently aware of any. *As a result, the continuing violations theory does not apply to Plaintiffs' hostile work environment claim*.") (emphasis added). Plaintiffs still fail to cite any such caselaw.

Moreover, this Court has previously addressed the proper way a party should request this Court reconsider its prior decisions. *See Cont'l Cas. Co. v. Vertiv Servs*., 2023 U.S. Dist. LEXIS 158146, *16 (J. Watson) (rejecting a summary judgment argument on an issue previously decided on an earlier dispositive motion and outlining the proper procedures to request reconsideration of this Court's decisions under Federal Rule of Civil Procedure 54(b)). Here, Plaintiffs have not argued any of the relevant reconsideration factors. This Court's original analysis was correct—there is no continuing violation. As such, Plaintiffs argument should be rejected (again).

2

### C. Plaintiffs' allegations regarding Defendant McFadden's book are time barred.

Plaintiffs offer no rebuttal to—and thus concede—the points that Defendant McFadden's book was published September 17, 2020, and that the publication date places the statements contained in the book outside the applicable statute of limitations. (*See generally,* Memo Contra, ECF No. 72 at PageID: #658). To get around the application, Plaintiffs now argue that they "were not aware of the publication on Sept. 17th and did not have an opportunity to read the publication until several weeks later." (*Id.*). Plaintiffs go on to support extending the plainly applicable statute of limitations by citing a single irrelevant case, which discuss adverse employment actions under the ADA, not hostile work environments (under any context). (*Id.* (citing *EEOC v. United States Parcel Service, Inc.*, 249 F.3d 557)). Plaintiffs seem to be attempting to invoke the discovery rule to get around the statute of limitations.

Even if this Court considers this argument, it fails. To invoke the discovery rule to avoid application of the statute of limitations, a complaint must plead sufficient facts to plausibly establish delayed discovery. *See e.g., Reid v. Baker*, 2011 U.S. Dist. LEXIS 27255, *25. Here, Plaintiffs statement about when they became aware of the book only appear in motion practice—it is contained nowhere in the Amended Complaint. Instead, the Amended Complaint makes a single allegation that Defendant McFadden "authored a book that publicly disparaged and attacked the Division of Police, and specifically Plaintiffs Miller, Mason, and other as racists…" (*See* Am. Compl., ECF No. 34 at PageID: #240). Plainly, the singular allegation is about when Defendant McFadden authored the book—and that was outside the statute of limitations. As such, allegations about the book are time barred.

### D. Plaintiffs "discrete acts" argument makes no sense and Plaintiffs disprove it themselves within their own brief.

Plaintiffs acknowledge and concede the well-settled law that they may not use discrete, and separately actionable, allegations of discrimination and retaliation claims to support a separate count for hostile work environment. (Memo Contra, ECF No. 72 at PageID: #656). Then, Plaintiffs state they are not relying on any such allegations of discrete acts to support their hostile work environment claims. (*See Id.*). But just one page before making this statement Plaintiffs do just that: "There remain other timely incidents that detail Plaintiffs case that a ***hostile work environment based on race*** was ever present. In February 2021, Plaintiff Mottinger was subjected to ***retaliation*** through a spurious i***nvestigation which resulted in discipline***." (*Id.* at PageID: #655) (emphasis added).

So, Plaintiffs acknowledge the controlling law is controlling, but ignore the impact of that law and still incorrectly rely on discrete acts to support their hostile work environment claims. As outlined more below, these allegations fail to support the alleged hostile work environment.

### E. Plaintiffs remaining allegations do not support any hostile work environment claims.

Plaintiffs argue they alleged a viable hostile work environment claim and cite to various paragraphs in support of their argument. (Memo Contra, ECF No. 72 at PageID: #652-656). But each of the citation to the record fails for one of the reasons outlined above, or because it is merely conclusory, and thus insufficient to support a hostile work environment claim. *See White v. Coventry Health & Life Ins. Co.*, 680 F. App'x 410, 415 (6th Cir.2017). Because the allegations fail, Plaintiffs largely avoid direct quotes, opting for string citations.

But analyzing each and every paragraph Plaintiffs rely on is demonstrative of why judgment should be granted. Cited allegations fall into one of three categories:

1. Allegations about being called a racist. (See (Memo Contra, ECF No. 72 at PageID: #652 citing Am. Compl., ECF No. 34 at PageID 236, ¶¶ 52-53; 73-79). These allegations do not support a hostile work environment claim because Title VII does not provide protection against being called a racist. *Carlisle*, 2017 U.S. Dist. LEXIS 79353 at *5.

2. Allegations involving discreet acts, separately actionable. (*Id*. citing Am. Compl., ECF No. 34 at PageID: #242, ¶¶80-83; 86-88; 90-95; 99-100). As Plaintiffs acknowledge, discrete acts are not actionable in a hostile work environment case. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2072, 153 L.Ed.2d 106 (2002).

3. Conclusory statements lacking specificity sufficient to state a claim. (*Id*. citing Am. Compl., ECF No. 34 at PageID: #242, ¶¶73-79).

That is, it—those are all the paragraphs Plaintiffs cite in arguing they have pled a viable hostile work environment claim. They have not and Count I should be dismissed.

**II.     Plaintiffs' Title VII retaliation claims fail because they do not allege the requisite but-for causation. As such, Count III must be dismissed.**

Plaintiffs again agree with Defendants on the law—conceding that Title VII retaliation claims require allegations of "but for" causation. (Memo Contra, ECF No. 72 at PageID: #659). Plaintiffs again argue their allegations comply with the well settled law. (*Id*.). But Plaintiffs again ignore the actual pleadings at issue in this case. This Court has already observed that "the upshot of the post-mid-2020 allegation is that Defendants mistreated Plaintiffs because of Plaintiffs' involvement in an investigation, not because of race." (Opinion and Order, ECF No. 64 at PageID:

#620). Plaintiffs' own argument cuts against them on this point: "Here, Plaintiff [sic] repeatedly alleges retaliation *for reporting misconduct* that occurred after September 24, 2024." (Memo Contra, ECF No. 72 at PageID: #659) (emphasis added). Alleged retaliation for departmental misconduct is not the same as alleging retaliation for racially motivated—and Title VII protected—conduct. As such, the retaliation claims fail for alleging a mixed motive basis for retaliation (at best) instead of the requisite but for causation, as required. *See Sanders v. Hire Couns.*, E.D. Mich. 2023 U.S. Dist. LEXIS 232122, at *17 (Nov. 30, 2023). Accordingly, the retaliation claims should be dismissed.

    **III.    Nothing in Plaintiffs' Memo Contra establishes actionable adverse employment actions under Title VII and/or Ohio law. Accordingly, Counts II and III should be dismissed.**

As a threshold issue, Plaintiffs argue that specific allegations support claims for Plaintiffs Tate, Hurst, Morefield, Johnson, and Mottinger. (*See* Memo Contra, ECF No. 72 at PageID: #660). Plaintiffs are silent on what, if any allegations support claims made by the remaining Plaintiffs (Miller, Mason, Hurst, Tobin, A. Kasza, J. Kasza, and B. Steel). This makes sense—as outlined in Defendants MJOP, there are no specific and timely actionable allegations in the Amended Complaint. Regardless, by not responding on behalf of these Plaintiffs, their claims under Counts II and III are waived and/or abandoned. See *Longino*, 2013 U.S. Dist. LEXIS 78249, at *16 (June 4, 2013).

Turning to the arguments Plaintiffs do put forward, those all fail. First, Plaintiffs argue that Tate and Hurst choosing not to accept assignments because they were under Defendant McFadden constitutes an actionable adverse employment action. (See Memo Contra, ECF No. 72 at PageID: #660 (citing Plautz, 156 F.App'x 812). But the case Plaintiffs cite is the same one cited by Defendants, which defines an adverse employment action as "change in the terms or conditions" of

6

employment—changes such as an involuntary reassignment. *See Plautz*, 156 F.App'x 812, at *817. Plaintiffs offer no legal citation to why a person's choice not to take a new assignment—a voluntary choice—is actionable. And this Court is not required to do the research Plaintiffs fail to do in support of their own positions. *Grover v. BMW of N. Am., LLC*, N.D.Ohio No. 1:19-cv-12, 2022 U.S. Dist. LEXIS 12678, at *22 (Jan. 24, 2022) ("The Court is not required or obligated to conduct legal research and construct arguments on behalf of any party").

Plaintiffs' arguments on behalf of Morefield and Johnson's claims similarly fail—Plaintiffs do not explain how these officer's decisions not to interview for a position constitutes and an actionable adverse employment action. By the plain definition of an actionable action, it does not. *See Plautz*, 156 F.App'x 812, at 817. Accordingly, Counts II and III should be dismissed.

**IV.    Plaintiffs fail to plead any viable claim under R.C. § 4112.02(J)**

Plaintiffs acknowledge that their EEOC charges only identified Defendants Pettus, Bourke, and McFadden, omitting all other individually named Defendants. (Memo Contra, ECF No. 72 at PageID: #660). And Plaintiffs concede the law—a person must be named in an EEOC charge before they can be sued in Court. (*Id.*). Plaintiffs argue that their claim proceeds against the Defendants unnamed in the Charge because "there is a clear identity of interest between the unnamed party and a party named in the EEOC charge." (*Id.* (citing *Romain v. Kurek*, 836 F.2d 241 (6th Cir. 1987)."

Plaintiffs stop there, concluding, without actually arguing, that a clear identity of interests exists. (*Id.*). But aiding and abetting discrimination is a specific allegation particular to each person, requiring a showing that the person, individually, "knowingly does something which he ought not to do … which assists or tends in some way to affect the doing of the thing which the law forbids." *Luke v. City of Cleveland*, 2005 U.S. Dist. LEXIS 49630 at *8. Plaintiffs do not explain how the EEOC charges define a clear identity of interests between the Defendants named in the charge and

7

those note. And with the specificity of conduct required to plead any viable claim for aiding and abetting under R.C. § 4112.02(J), it is hard to imagine how such non-specific conduct outlined in the charges could tie to the unnamed Defendants.

Second, Plaintiffs do not respond to the substantive argument put forth by Defendants in their MJOP—that the allegations fail to establish any viable claim against any Defendant. (See MJOP, ECF No. 69 at PageID: #640). Again, the only allegations against the City Defendants are that the failed executing certain policies and disciplining Defendant McFadden—there is no allegation of how any Defendant aided and abetted a discriminatory practice. As such, these claims fail.

### V. The § 1983 claims fail for lack allegations

It is axiomatic that the direct and personal involvement of each individual state actor is a requisite for alleging and pursuing a § 1983 claim. Kessling v. Ohio State Univ., S.D. Ohio No. 2:20-cv-1719, 2022 U.S. Dist. LEXIS 211191 at *47-48. Lacking sufficient allegations, Plaintiffs revert to un-plead hyperbole, arguing about the personal involvement of Defendants. (*See* Memo Contra, ECF No. 72 at PageID: 661). Plaintiffs now argue that all Defendants were involved in a decision to hire an outside investigator to investigate Plaintiffs. (*Id*.). But that is not what is plead in the Amended Complaint (Compare, ECF No. 34 at PageID: #245). And Plaintiffs cannot now embellish those allegations to survive motion practice—they are bound to what was alleged.

And the Amended Complaint is clear—the only allegations here are failures to act. (*See* MJOP, ECF No. 69 at PageID: #641-642) (describing allegations). And § 1983 supervisory liability cannot attach on allegations of a failure to act. See Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999). As such, these claims fail. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

### VI. Plaintiffs point to no clearly established law that would abrogate their qualified immunity defense.

Plaintiffs miss the mark on their qualified immunity argument. To overcome the defense, they must point to case law involving the specific conduct in question—not general propositions of law. *See District of Columbia v. Wesby*, 138 S.Ct. 577, 589 (2018). But that is what Plaintiffs do here—they do not cite to a single piece of authority that would have put the individual Defendants on notice that their conduct here—failing to discipline Defendant McFadden—violated these Plaintiffs constitutional rights. There is no such case. As such, the City Defendants are entitled to qualified immunity on the § 1983 claims.

### VII. Plaintiffs fail to establish any viable Monell claim.

Again, Plaintiffs are found running from their own allegations—which plainly allege over and over that the City Defendants failed to follow the City's policy. (Am. Compl., ECF No. 34 at PageID: # 236 ¶¶53; 73; 75; 78). Allegations that individuals failed to follow a municipal policy of the city is insufficient to create a *Monell* claim against the City. See Biver v. Saginaw Tp. Community Schools, 878 F.2d 1436, 1439 (6th Cir. 1989).

        Respectfully submitted,

/s/ *Thomas N. Spyker* _____
Melvin J. Davis (0079224)
Thomas N. Spyker (0098075
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; FAX (614) 232-2410
e-mail: mdavis@reminger.com
       tspyker@reminger.com
*Attorney for Defendants City of Columbus, Andrew Ginther, Robert Clark, Ned Pettus, Douglas Sarff, Kathleen Bourke and Courtney McHenry*

*/s/ Yazan S. Ashrawi*
Yazan S. Ashrawi (0089565)
FROST BROWN TODD LLP
10 W. Broad Street, Suite 2300
Columbus, OH 43215
614-464-1211 / 614-464-1737 (Fax)
yashrawi@fbtlaw.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via the Court's e-filing system this 4th day of October 2024, to all counsel of record:

Zachary Gottesman, Esq.
404 East 12th Street
Cincinnati, Ohio 45202
zg@zgottesmanlaw.com

Christopher Wiest, Esq.
25 Town Center Blvd., Suite 104
Crestview Hills, KY 41017
chris@cwiestlaw.com

Robert J. Thumann, Esq.
404 E. 12th Street, 2nd Floor
Cincinnati, Ohio 45202
thumann@ctlawcincinnati.com

Thomas B. Bruns, Esq.
4750 Ashwood Drive, Suite 200
Cincinnati, Ohio 45241
tbruns@bcvalaw.com

Robb S. Stokar, Esq.
404 East 12th Street, 1st Floor
Cincinnati, Ohio 45202
rss@stokarlaw.com
*Attorneys for Plaintiffs*

Yazan S. Ashrawi, Esq.
FROST BROWN TODD LLP
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
yashrawi@fbtlaw.com
*Counsel for Defendant Melissa McFadden*

                                                     */s/ Thomas N. Spyker*
                                                   Melvin J. Davis (0079224)
                                                   Thomas N. Spyker (0098075)