UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Andre Tate, *et al.*,

    Plaintiffs,

v.

City of Columbus, *et al.*,

    Defendants.

Case No. 2:23-cv-492

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

This is a reverse-discrimination case (for the most part). Plaintiffs are Levon Morefield, Anthony Johnson, Andre Tate, Frank Miller, Bryan Mason, Paul Tobin, Jeff Kasza, Amanda Kasza, Lee Hurst, Brian Steel, and Alex Mottinger. Compl. ¶¶ 3–13, ECF No. 34. They worked as law enforcement officers in the Columbus Division of Police. *Id.* ¶¶ 2–13. Although some Plaintiffs are black (Morefield, Johnson, Tate, and Mottinger), most are white (Miller, Mason, Tobin, Mr. Kasza, Ms. Kasza, Hurst, and Steel). *Id.* Plaintiffs claim that a black fellow officer—Defendant Melissa McFadden—created a racially hostile work environment and deprived Plaintiffs of employment opportunities because of their race, in violation of Title VII. 42 U.S.C. § 2000e. So, in other words, Plaintiffs allege that a black person discriminated against her white colleagues because they are white—so-called "reverse discrimination."

The Supreme Court granted a writ of certiorari in an October 2024 term reverse-discrimination case. *See generally Ames v. Ohio Dept. of Youth Servs.*, 87 F.4th 822 (6th Cir. 2023), *cert. granted*, 145 S. Ct. 118 (2024). The reverse

discrimination there involves sexuality: a heterosexual plaintiff alleges that her homosexual boss demoted her because she is heterosexual. *Id.* at 824. The Sixth Circuit affirmed the district court's grant of summary judgment to the employer-defendant because the heterosexual plaintiff failed to show "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Id.* at 825. The heterosexual plaintiff petitioned for a writ of certiorari, which the Supreme Court granted. The issue before the Supreme Court is:

> Whether, in addition to pleading the other elements of Title VII, a majority-group plaintiff must show "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority."

Question Presented Report, *Ames*, No. 23-1039.

However the Supreme Court answers that question, it will impact the Title VII standards that this Court should apply here.

*Ames* will set the standard for the "majority-group" white Plaintiffs' disparate-treatment claims here; those claims match *Ames*. And, even though it involves a disparate-treatment claim only, *Ames* will affect the hostile-work-environment standard too. *See McNeal v. City of Blue Ash, Ohio*, 117 F.4th 887, 904 (6th Cir. 2024) (applying disparate-treatment case law to a hostile-work-environment claim). After all, "hostile-work-environment claims arise out of the same statutory language as disparate-treatment claims." *Id.* So *Ames* will have

ramifications for the white Plaintiffs' disparate-treatment and hostile-work-environment claims, at least.

*Ames* may also alter the standards for the black Plaintiffs' Title VII claims. The black Plaintiffs accuse McFadden of labelling some black officers as "not black enough" or "too white." *See, e.g.*, Compl. ¶ 39 ("Defendant McFadden routinely made negative comments to Plaintiff Morefield admonishing other black officers including 'I don't think he knows he's black,' referring to other black officers as being a 'white type' of black person, and describing persons in interracial marriages as 'white woman lover(s)'"). Intra-minority-group discrimination of this kind can no doubt trigger Title VII,[1] but courts often evaluate it differently than majority-against-minority discrimination.[2] *Ames* may eliminate that difference.[3] All in all, *Ames* puts the applicable Title VII standards in flux.

When that is true—when the imminent resolution of an appeal will set the applicable standard for a district court case—the district court may sua sponte

---

[1] *See, e.g., Billingsley v. Jefferson Cnty.*, 953 F.2d 1351, 1353 (11th Cir. 1992); *Hill v. Miss. State Emp. Serv.*, 918 F.2d 1233, 1240–41 (5th Cir. 1990); *Bryant v. Begin Manage Program*, 281 F. Supp. 2d 561, 570 (E.D.N.Y. 2003); *see also generally* Enrique Schaerer, *Intragroup Discrimination in the Workplace: The Case for "Race Plus,"* 45 HAR. CIV. RIGHTS-CIV. LIBS. L. REV. 57 (2010).

[2] *See, e.g., Toliver v. Cmty. Action Comm'n to Help the Econ., Inc.*, 613 F. Supp. 1070, 1074 (S.D.N.Y. 1985) ("[G]iven the racial . . . composition of the Board, the inference of discrimination . . . is, to say the least, attenuated"), *aff'd*, 800 F.2d 1128 (2d Cir. 1986), *cert. denied*, 479 U.S. 863 (1986); *Rajbahadoorsingh v. Chase Manhattan Bank*, 168 F. Supp. 2d 496, 502 (D.V.I. 2001) ("Pancham is of the same race as Rajbahadoorsingh. Thus, it is hard to fathom how Pancham's statements could be . . . racially motivated").

[3] *See* Oral Arg. Tr. at 33–36, *Ames*, No. 23-1039 ("Justice Alito: . . . [C]an a court take into account the race of the decisionmaker and the race of the -- of the plaintiff?").

stay its case pending the resolution of that appeal. See *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004); *Latta v. U.S. Dept. of Educ.*, 653 F. Supp. 3d 435, 439 (S.D. Ohio 2023); *cf. Landis v. N. Am. Co.*, 299 U.S. 248, 253–55 (1936). Federal courts consider four factors in determining whether to stay a case: (1) "the potentiality of another case having a dispositive effect on the case to be stayed," (2) "the judicial economy to be saved by waiting on a dispositive decision," (3) "the public welfare," and (4) "the hardship/prejudice to the party opposing the stay, given its duration." *Ghee*, 325 F. Supp. 2d at 831.

All four factors favor a stay here because *Ames* will set the standards for Plaintiffs' Title VII claims within the next few months.

First, *Ames* could have a dispositive effect on the Title VII claims. If, for example, the Supreme Court preserves a heightened standard for reverse-discrimination cases, then the white Plaintiffs (maybe all Plaintiffs) will be significantly less likely to prevail on their Title VII claims here. If, instead, the Supreme Court rejects the heightened standard, then the same Plaintiffs will be significantly more likely to prevail. Because *Ames* may affect these outcomes, the first factor favors a stay.

Second, even if *Ames*'s effect on the Title VII claims here is not dispositive, the effect will likely be great enough that waiting would promote judicial economy. Simply put, if the Court were to rule on Defendants' motion for judgment on the pleadings as to the white Plaintiffs now, the Court would risk applying the wrong standard. Bound by precedent, this Court would apply the Sixth Circuit's extra-

background-circumstances standard—a standard that no party defends now before the Supreme Court. *See, e.g.*, Oral Arg. Tr. at 49–50, *Ames*, No. 23-1039. If the Supreme Court disavowed the background-circumstances standard *after* this Court had ruled on Defendants' motion, this Court would need to redo its analysis under the new standard. Nothing could offend judicial economy more than steering into a foreseeable redo. The second factor thus also favors a stay.

Third, a redo would also oppose the "public's interest and welfare" in that a redo may "confuse the public regarding its rights and liabilities" under Title VII. *Latta*, 653 F. Supp. 3d at 440 (citing *Mazera v. Varsity Ford Svcs. LLC*, No. 07-12970, 2008 WL 2223907, at *2 (E.D. Mich. May 29, 2008)). The third factor therefore also favors a stay.

Fourth and finally, the Supreme Court is expected to decide *Ames* within the next three months. So this Court's stay will be short—too short to harm or prejudice either party. The fourth factor, like all the others, favors a stay.

Because each of these four factors favors a stay, this Court **STAYS** this case until the Supreme Court decides *Ames v. Ohio Dept. of Youth Servs.*, No. 23-1039. The Court accordingly postpones its consideration of Defendants' motion for judgment on the pleadings. ECF No. 69. Plaintiffs shall file a notice on a docket informing the Court when the Supreme Court has decided *Ames*.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**